| From: | Michael Moates |
|---|---|
| To: | Bekiaris, Hrisafia |
| Cc: | Thomas, Leslieann; LSC-VDAC; Guevara, Alicia; Blassingame, Shelley |
| Subject: | HELP |
| Date: | Thursday, July 22, 2021 3:38:03 PM |

Hello all:

I want to be clear now that it is almost 4. I have 5 exams that are due by midnight this evening.

I have accomdations that are in place. For alternative testing without Respondus. I was told I could go to a university or library.

The library will not allow me to download software on to their computers due to viruses nor would there be a proctor.

The university wants to charge $40 an exam which would be nearly $200 for just this weeks exams. As you are aware under the ADA and Section 504, I cannot be charged for reasonable accommodations.

These exams are due today and my accomdations are in place and I have not been given an alternative.

The disability services office is also closed tomorrow. I really need some answers.

It is unfair to expect me as a student to rush to complete these when every other student has had 2 weeks. Also, it is unfair to expect me to complete these all in one day when students can do one at a time over the two week period.

I need this to be handled as the professor says she will not take anything after the deadline. My other course does not use respondus and is not an issue. We just take the exams. It is unfortunate that in this class the assumption is guilt. I am a doctoral student at another university and I have never been subject to such scruity as being recorded (camera and microphone), locked out of my computer (needed for medical devices), being told if I look off screen I will be flagged for cheating. I have ADHD and this is unreasonable. Also, in her first video, the professor was very clear she reports people.

I need to get this fixed. Also, I do live in Fort Worth and I know the professor brought this up as making things difficult but it is important that I completed an AA at lonestar online and LSC advertises itself as being fully online with the courses I am registered for.

If I can't get these completed and if I am penalized or rushed to catch up I am reserving my right to an OCR complaint and possible litigation. It took nearly 9 months for disability services

when I was at LSC before and I will not go through that again.

Please help me.

Michael Moates, MA, QMHP-T, RBT, CPI
Doctor of Education Student, Fielding Graduate University

| | |
|---|---|
| **From:** | Michael Moates |
| **To:** | Thomas, Leslieann |
| **Cc:** | LSC-VDAC; Guevara, Alicia |
| **Subject:** | Request |
| **Date:** | Sunday, July 25, 2021 10:28:01 AM |

Leslieann,

I have to be honest, I am not comfortable with this professor and her ability to apply my accomdations. It seems everything has become difficult. I would like to be removed from her class and be re-enrolled in this class in the fall with an alternative professor. I would ask that it be removed from my record, not a withdrawal and that I not be charged for transfering professors.

Can we make this happen? I am awfully concerned about moving forward given her continued lack of ability to provide my accomdations.

I am now being penalized for asking for the ability to take a break during my assignments? This is crazy and I shouldn't have to start over because I need a break.

Michael Moates, MA, QMHP-T, RBT, CPI
Doctor of Education Student, Fielding Graduate University

| From: | Michael Moates |
|---|---|
| To: | Thomas, Leslieann; LSC-VDAC; Guevara, Alicia |
| Cc: | Christopher.A.Allen@LoneStar.ed |
| Subject: | Complaint |
| Date: | Sunday, July 25, 2021 12:35:49 PM |

Hello all:

I wanted to rewrite my previous email out. I have grave concerns about my ability to be successful in Dr. Bekiaris' class BIOL 2401.

For many different reasons:

1) My disability accomdations have not been followed from day 1.
2) She expects me to complete work without the accomdations... just told me she is not going to accept latework despite the fact that I had concerns about my accomdations being implimented correctly and that they have not been implimented.
3) Her continued bariers to my education are causing significant stress an anxiety which creates a barier to me being successful in her class.
4) I have never had this many issues in a class or felt like the professor was fighting against me to be successful.
5) I am falling behind as a result of these accomdations not being in place and will be expect to catch up which will cause me to rush and grave anxiety.

I want to be clear:

1) She is not following the accomdations set by disability services.
2) I reserve my right to file an appeal (LSC, OCR, and or litigation) based on the fact that I believe she is discriminating against me on the basis of disablity.
3) She is giving me mis-information by telling me that "everything" is due this coming Wednesday but now saying that she will not accept latework. I do not consider this to be late given that the work was not apporpately aligned with my accomdations.
4) I am requesting the complete removal of this class from my record this term and the subsquent enrollment next term in a class with a different professor. I do not intend to be charged given I have already paid for this class.
5) Dr. Allen if this request is granted, I would like to speak with you in advance about what can be done next term to make sure my accomdations are in effect for this class.

Please let me know if getting put in this class next term at no cost is a possibility.


Michael Moates, MA, QMHP-T, RBT, CPI
Doctor of Education Student, Fielding Graduate University

FILED: 7/29/2021 5:59 PM
David Trantham
Denton County District Clerk
By: Jennifer Jones, Deputy

# STATE OF TEXAS – DENTON COUNTY COURTS

_____**District Court**

| | |
|---|---|
| Mr. Michael Moates | Case No.: 21-6417-362 |
| Plaintiff | |
| v. | **Original Petition** |
| Lone Star College System, | **Jury Trial Demanded** |
| Dr. Hrisafia Bekiaris, | |
| Dr. Jess Kelly, and | |
| Leslieann Thomas | |
| Defendants | |

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff, Michael Moates, Pro Se, and files this Original Petition, complaining against Lone Star College, Dr. Hrisafia Bekiaris, Dr. Jess Kelly, and Leslieann Thomas (collectively Defendants) and in support thereof would respectfully show the court as follows:

## I. PARTIES

1. Plaintiff Michael Moates is an individual who resides in Denton County, Texas.

2. Defendant Lone Star College System (LSC) is an institution of higher education. Lone Star College System can be served at Nancy Molina, Associate General Counsel, 5000 Research Forest Drive, The Woodlands, Texas 77381.

3. Defendant Dr. Hrisafia Bekiaris is professor in the Biology Department at Lone Star College System and can be served at Nancy Molina, Associate General Counsel, 5000 Research Forest Drive, The Woodlands, Texas 77381.

4. *Defendant Dr. Jess Kelly is the Dean of Instruction at Lone Star College System and can be* served at Nancy Molina, Associate General Counsel, 5000 Research Forest Drive, The Woodlands, Texas 77381.

5. Defendant Leslieann Thomas is a disability services coordinator at Lone Star College System and can be served at Nancy Molina, Associate General Counsel, 5000 Research Forest Drive, The Woodlands, Texas 77381.

## II. JURISDICTION AND VENUE

3. The damages sought in this case exceed the minimal jurisdictional limits of the Denton County Judicial Courts.

4. Venue is proper in Denton County, Texas, because a suit for damages for violation of the American with Disabilities Act and Section 504 of the Rehabilitation Act of 1972 shall be brough in which the Plaintiff resided at during the time of the cause of action. Venue is proper because the Plaintiff resided in Denton County at the time of the cause of action.

5. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 & 1345 and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12133.

## III. JURY DEMAND

6. Plaintiff demands a trial by jury.

## IV. FACTUAL SUMMARY

7. On 12 July 2021, the Plaintiff applied via the Apply Texas portal to attend Lone Star College as a non-degree seeking student to obtain pre-requisite requirements required to attend nursing

school. He was accepted and registered for classes including Biology 2401 with Dr. Hrisafia Bekiaris.

8. On 15 July 2021, the Plaintiff requested disability accommodations pursuant to the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973.

9. On 19 July 2021, Leslieann Thomas scheduled an appointment with the Plaintiff to meet regarding disability services.

10. On 20 July 2021, Leslieann Thomas agreed to provide the Plaintiff with disability accommodations. These accommodations were as follows: Dictionary Use in Exam/Quizzes, Extra Time 2.00x, Occasional Short Breaks During Testing, Testing Center Use, Medical Device/Equipment, and No Spelling Reductions.

11. The Plaintiffs other professor in Nutrition immediately put the accommodations into place however, the other professor Dr. Hrisafia Bekiaris began creating barriers to the Plaintiffs education and did not put the disability accommodations in place.

12. At the onset of the class Dr. Bekiaris posted a video on the syllabus. She stated in her video "a webcam is required for this course" despite no in person class meetings or video assignment. The only purpose of the camera is so the professor can record the students. She states this is a "online course." She states that she has given student numerous 0's and F's. She says if you have a problem within the course to go to Dr. Christopher Allen… this is important to note because I did go to Dr. Allen and never not once heard from him. She states that when your complete exams and quizzes that you must allow her to watch you through your webcam and audio. She says the software they use to record you uses artificial intelligence to track you and will flag you for cheating if it thinks your cheating. Nowhere does LSC disclose this when you apply, and frankly the thought that if I look away from my screen during a 2-hour exam will cause me to be

-3-

flagged for cheating is terrifying and only add to my testing anxiety. She says the test will flag

you for cheating if it sees shadows… so my moving lights, my pets, etc would likely cause me to

be flagged for cheating. She admits that they are using software with facial recognition without

consent. If you don't use the facial recognition, you are "suspect" she says. Again, LSC takes

your money for the course but does not tell you in advance then blackmails you by saying do it

or we will fail you. She says you must keep your eyes on the screen or you will be flagged for

cheating. Again, this is unreasonable for a normal person. If you look away for a second you

could be flagged for cheating… what if someone needs to use the restroom? Oh she says you

can't get up to go to the bathroom during a 3:20 minute exam. She requires you to not only let

her watch you but now you have to also show her inside your home.

13. On 21 July 2021, Leslieann Thomas and Dr. Hrisafia Bekiaris agreed that the Plaintiff could

do his quizzes/exams at the local library. However, Dr. Bekiaris refused to remove the lockdown

browser to allow the Plaintiff access to his medical equipment. In addition, to protect from

viruses, the library does not allow for the download of third-party software.

14. On 22 July 2021, Dr. Bekiaris raised a complaint about the Plaintiff going to the library after

she had previously agreed this was acceptable. She said, "Just curious why Mrs. Thomas

suggested the library for you to take your exams instead of going to a LSC testing center." The

Plaintiff explained to her that LSC advertises itself as and online college and that since the

Plaintiff did not live in the area, he was unable to go to the testing center. She then blamed the

Plaintiff by saying "having you in Fort Worth really makes this difficult."

15. On that same day the Plaintiff asked her what she would like him to do regarding the exams

with no response.

-4-

16. On 22 July 2021, the Plaintiff sent an email to Leslieann Thomas and Dr. Bekiaris raising concerns about the fact that there were 5 exams due at midnight and the accommodations promised to him by the college were still not in place. The college discriminated against the Plaintiff based on disability when they held out that he should be rushed to complete these exams when every other student was given two weeks to complete them. Still currently, the accommodations were not in place.

17. On 22 July 2021, Leslieann Thomas raised the idea that "It might be possible to get around having Michael pay for proctoring by having our Assessment Center here on campus to proctor the exam through WebEx. Just a thought you all might want to consider. You would need to speak with the Assessment Center, but I know they've proctored remotely before." She is referencing the fact that the Plaintiff had asked local colleges if they would proctor for him, and the fees were going to be $40 for each exam x5 exams a week. The Plaintiff was open to this idea.

18. On 23 July 2021, after the exams were already due and the professor had caused the Plaintiff a significant amount of stress, she emailed him to let him know "extended your exam until Wednesday at midnight." Keep in mind this was still only one week where every other student got two weeks. Again, discrimination based on disability.

19. On 23 July 2021, Dr. Bekiaris told the Plaintiff via email "Everything has been extended until Wednesday for you." The Plaintiff understood that everything had been extended.

20. On 23 July 2021, the Plaintiff brought up that he could not complete the lab quizzes and assignments because they were timing out when he took "Occasional Short Breaks" as promised in his accommodations. The professor responded with she told the Plaintiff he was out of luck because they used a third-party software and "That is nothing I can change or have control over."

-5-

21. On 24 July 2021, Dr. Bekiaris informed the Plaintiff that he would have to seek her permission to take his "lab practical" and "test" "exams" even though every other student did not have to do that. This was again discrimination and an extra requirement because he had a disability.

22. On 25 July 2021, Dr. Bekiaris stated in an email "Hi Michael. Multiple attempts aren't additive. Therefore, if you start attempt 1, take a break and the system times you out for inactivity; when you start attempt 2 none of that initial work is saved. If you again, take a break from attempt 2 and are timed out again, the cycle continues. So regardless of how many attempts I give you, taking an extended break will just have you start back at square 1. Also, that work has been posted on Connect since day 1of the semester. You have had 9 days of opportunity to start slowly chipping away at it. The vast majority of it has not been completed. As stated in the syllabus, late work is not accepted." A couple of issues… 1) this is a direct contradiction to the accommodations the college promised him 2) it is discrimination based on the ADA and Section 504. 3. She was now saying that she would not accept the work even though previously she had said "Everything has been extended until Wednesday for you."

23. On 25 July 2021, the Plaintiff requested "I am requesting the complete removal of this class from my record this term and the subsequent enrollment next term in a class with a different professor. I do not intend to be charged given I have already paid for this class." The Plaintiff also requested "speak with" Dr. Allen the department chair who to date the Plaintiff has never been able to talk to.

24. On 26 July 2021, Dr. Bekiaris, said "Hi Michael. I was speaking about the quizzes, exam and lab practical. There was no reason to extend due dates for Connect work since it is not proctored or timed. Yes, taking extended breaks will time you of out Connect. That is nothing I can change

or have control over." But when she emailed the Plaintiff previously, she used the word

"everything." She also incorrectly says it's not timed but it is timed. Clearly if the test times out

when you invoke your right to take a break it is timed.

25. On 26 July 2021, Dr. Bekiaris stated "You will be receiving a call from the assessment center

in regard to setting up your quizzes and exams." This never happened. In fact, the Plaintiff made

numerous attempts to contact the testing center only to get their voicemail.

26. On 27 July 2021, Dr. Bekiaris changed her statement and said "Rey from the Assessment

Center has assured me that an email was sent to you yesterday with time scheduling options.

They have not heard back from you." This again was inaccurate and misleading. The Plaintiff

never received an email from the testing center. Then she changed her statement again and said

"Michael, it was sent to your D2L email account." The Plaintiff is not aware of a "D2L email

account" and told the professor.

27. On 28 July 2021, The Plaintiff notified in writing to the dean that he intended to seek

litigation regarding the matter if the accommodations were not put into place. He also notified

Braxton Fonner, Ops Manager – General Counsel. After a lengthy conversation explaining the

issue, Mr. Fonner promised to work with all parties to come to a resolution and assured the

Plaintiff he would call him on 29 July 2021 in the early afternoon to give him an update. That did

not happen.

28. On 28 July 2021, after numerous emails requesting assistance to the Department Chair, the

Dean, Disability Services, and the professor, the dean finally responded to the Plaintiff. He said

"I have scheduled a call at 2pm to attempt to come up to speed on all of the nuances of this

situation and will be better prepared to respond after having the opportunity to hear from those

on the call.  It may be another day before I can respond to you as I am not feeling well at all and

-7-

have scheduled a medical appointment.  I will make sure that I attend the 2pm call and hope to be better able to understand the breadth of the issue then." This call took place with no input from the Plaintiff regarding his disability.

29. On 29 July 2021, despite Mr. Fonner's promises he passed the case off to Associate General Counsel Nancy Molina. Ms. Molina stated for the Plaintiff to "continue working with the offices and persons you have worked with thus far as they are in the best position to assist you." These same offices has been ignoring the Plaintiff's request for help. When the Plaintiff responded to Ms. Molina stating that that is not what Mr. Fonner had promised she responded with "Understood." But no other solutions.

30. On 29 July 2021, Mr. Moates sent a final demand letter to the dean, disability services, the professor, the system office, and the general counsel requesting accommodations and to notify them of the pending lawsuit if not. Ms. Molina responded with "Someone from LSC-UP will contact you soon with their decision regarding your proposed resolution." This in direct contradiction to her telling the Plaintiff to contact them.

31. On 29 July 2021, the dean emailed the Plaintiff stating "We have received your request for a refund and to be dropped from your BIOL 2401 course based on perceived issues related to accommodations.  After an extensive review it has been determined that we have fully met the standard of reasonable accommodation and as a result your request has been denied.  I wish you success in your future academic endeavors." He copied Zack Copeland, Vice President, Lone Star College. Again, none of the accommodations are in place. All of this has caused the Plaintiff significant harm including time loss in a class, emotional distress, physical distress, financial harm, and academic harm.

# V. CAUSES OF ACTION

**A. Biometric Data – (Tex. Bus. & Com. Code § 503.001)**

1. At no time has Lone Star College provide informed consent required for the collection of biometric identifiers as required by law.

2. Lone Star College uses a system that has "facial recognition," "tracks" you, and determines whether you are cheating, there is a shadow, you use the restroom.

**B. Violation of the Americans with Disabilities Act**

1. The Plaintiff notified the college of his disability. The college accepted his disability and put in writing that he had accommodations. These include ADHD, Sleep Apnea, Anxiety, Insomnia, Depression, Asthma, and Dysgraphia.

2. The college did not apply the accommodations that were promised in writing.

3. After notification the college still did not put the accommodations into place.

4. The central question in this case concerns whether LSC violated the ADA and Chapter 121 by failing to provide proper auxiliary aids and services, make reasonable accommodations, and maintaining a policy and practice of failing to make its course materials accessible.

5. On July 12, 1990, Congress enacted the Americans with Disabilities Act "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1).

6. Title III of the ADA states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations of any public place of accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

7. Plaintiff has anxiety, dysgraphia, ADHD, depression, Insomnia, Sleep Apnea, and Asthma and therefore qualified individuals with disabilities within the meaning of 42 U.S.C. § 12102, et seq.

8. Defendant LSC has an obligation to comply with Title III of the ADA.

9. By refusing to provide an inaccessible website, mobile app, and course materials, LSC denies disabled students full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations that LSC makes available to its non-disabled customers. Accordingly, LSC is systematically violating the ADA by denying disabled customers the benefits of access to or the full and equal enjoyment of its website, mobile app, course materials, and other course related materials.

10. LSC's violations are ongoing and continue to deny accessibility to disabled students.

11. Under Title III of the ADA, Defendant is committing discrimination by failing:

> to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities; and

> to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services. 42 U.S.C. § 12182(b)(2)(A)(ii) and (iii).

12. By refusing to modify its website, mobile app, and course materials, even when Plaintiff have made reasonable requests and have lodged complaints, and it would not be an undue burden for LSC or alter the nature of its services, LSC has denied Plaintiff and continues to deny Plaintiffs, on the basis of their disability, the same access to LSC goods, services, facilities, privileges, advantages, and/or accommodations as the access provided to individuals without disabilities.

13. The policy of Texas "is to encourage and enable persons with disabilities to participate in the social and economic life of the state, to achieve maximum personal independence, to become

- 10 -

gainfully employed, and to otherwise fully enjoy all public facilities within the state." Tex. Hum. Res. Code § 121.001.

14. Tex. Hum. Res. Code § 121.002. Chapter 121 requires that public facilities must make "reasonable accommodations in policies, practices, procedures." Tex. Hum. Res. Code 121.003(d)(2). Defendants has failed to make reasonable accommodations in its policies, practices, and procedures for Plaintiff and other students who have disabilities to properly use complete coursework.

## VI. DAMAGES

29. All previous allegations are incorporated herein by reference.

30. Mr. Moates is entitled to nominal damages, general damages, and actual damages for the Defendants' libel, including compensation for injury to his reputation.

31. Mr. Moates is entitled to exemplary damages pursuant to Chapter 41 of the Texas Civil Practices and Remedies Code because the Defendant acted with malice. The evidence is shown in the degrading comments, public humiliation, and open statements showing the intend to harm.

## VII. DEMAND TO PRESERVE EVIDENCE

32. Plaintiff demands that all Defendants preserve all evidence that is or may be relevant to the claims and defenses of the allegations made in this complaint including all electronic data of any kind.

## VIII. REQUEST FOR DISCLOSURE

33. Plaintiff requests that defendant disclose the information and material described in Texas Rule of Civil Procedure 194.2 within the time required by the rule.

## IX. DISCOVERY

34. Discovery Level 2 of Texas Rules of Civil Procedure applies to this Petition.

- 11 -

## IX. PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff Michael Moates asks the court to issue a citation for each Defendant to appear and answer, and that Plaintiff be awarded a judgement against Defendants for the following:

a) Nominal damages;

b) General damages;

c) Actual damages;

d) Special damages;

e) Exemplary damages;

f) Pre and post judgement interest;

g) declaratory relief

and

a) Declare that LSC has violated the ADA and Chapter 121;

b) Permanently enjoin LSC from violating the ADA and Chapter 121;

c) Issue an injunction requiring LSC to remove the BIOL 2401 course completely from the Plaintiff record and issue him a complete refund for the course.

d) Issue any further relief as the court may deem appropriate

Respectfully Submitted,

/s/ Michael S. Moates

Michael Moates, Pro Se

Michaelsmoates@gmail.com

817-999-7534

2700 Colorado Boulevard #1526, Denton, TX 76210

- 12 -

Filed: 8/5/2021 6:48 AM
Denton County District Clerk
By: Paige Perkins, Deputy

# STATE OF TEXAS – DENTON COUNTY COURTS

## 362nd Judicial District Court

| | |
|---|---|
| Mr. Michael Moates | Case No.: 21-6417-362 |
| Plaintiff | |
| v. | **Amended Petition** |
| Lone Star College System, | **Jury Trial Demanded** |
| Dr. Hrisafia Bekiaris, | |
| Dr. Jess Kelly, | |
| Leslieann Thomas, | |
| Dr. Christopher Allen, and | |
| Alicia Guevara | |
| Defendants | |

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff, Michael Moates, Pro Se, and files this Amended Petition, complaining against Lone Star College, Dr. Hrisafia Bekiaris, Dr. Jess Kelly, and Leslieann Thomas, Dr. Christopher Allen, and Alicia Guevara (collectively Defendants) and in support thereof would respectfully show the court as follows:

## I. PARTIES

1. Plaintiff Michael Moates is an individual who resides in Denton County, Texas.

2. Defendant Lone Star College System (LSC) is an institution of higher education. Lone Star College System can be served at Nancy Molina, Associate General Counsel, 5000 Research Forest Drive, The Woodlands, Texas 77381.

3. Defendant Dr. Hrisafia Bekiaris is professor in the Biology Department at Lone Star College System and can be served at Nancy Molina, Associate General Counsel, 5000 Research Forest Drive, The Woodlands, Texas 77381.

4. Defendant Dr. Jess Kelly is the Dean of Instruction at Lone Star College System and can be served at Nancy Molina, Associate General Counsel, 5000 Research Forest Drive, The Woodlands, Texas 77381.

5. Defendant Leslieann Thomas is a disability services coordinator at Lone Star College System and can be served at Nancy Molina, Associate General Counsel, 5000 Research Forest Drive, The Woodlands, Texas 77381.

6. Defendant Dr. Christopher Allen is a Department Chair at Lone Star College System and can be served at Nancy Molina, Associate General Counsel, 5000 Research Forest Drive, The Woodlands, Texas 77381.

7. Defendant Alicia Guevara is the Executive Director of Disability Services at Lone Star College System and can be served at Nancy Molina, Associate General Counsel, 5000 Research Forest Drive, The Woodlands, Texas 77381.

## II. JURISDICTION AND VENUE

3. The damages sought in this case exceed the minimal jurisdictional limits of the Denton County Judicial Courts.

4. Venue is proper in Denton County, Texas, because a suit for damages for violation of the American with Disabilities Act and Section 504 of the Rehabilitation Act of 1972 shall be

1   brough in which the Plaintiff resided at during the time of the cause of action. Venue is proper

2   because the Plaintiff resided in Denton County at the time of the cause of action.

3   5. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 & 1345 and Title II of the

4   Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12133.

5

6                                   **III. JURY DEMAND**

7   6. Plaintiff demands a trial by jury.

8                                 **IV. FACTUAL SUMMARY**

9   7. On 12 July 2021, the Plaintiff applied via the Apply Texas portal to attend Lone Star College

10
    as a non-degree seeking student to obtain pre-requisite requirements required to attend nursing
11

12  school. He was accepted and registered for classes including Biology 2401 with Dr. Hrisafia

13  Bekiaris.

14  8. On 15 July 2021, the Plaintiff requested disability accommodations pursuant to the Americans

15  with Disabilities Act and Section 504 of the Rehabilitation Act of 1973.

16
    9. On 19 July 2021, Leslieann Thomas scheduled an appointment with the Plaintiff to meet
17

18  regarding disability services.

19  10. On 20 July 2021, Leslieann Thomas agreed to provide the Plaintiff with disability

20  accommodations. These accommodations were as follows: Dictionary Use in Exam/Quizzes,

21  Extra Time 2.00x, Occasional Short Breaks During Testing, Testing Center Use, Medical

22  Device/Equipment, and No Spelling Reductions.
23

24  11. The Plaintiffs other professor in Nutrition immediately put the accommodations into place

25  however, the other professor Dr. Hrisafia Bekiaris began creating barriers to the Plaintiffs

26  education and did not put the disability accommodations in place.

27

28

12. At the onset of the class Dr. Bekiaris posted a video on the syllabus. She stated in her video "a webcam is required for this course" despite no in person class meetings or video assignment. The only purpose of the camera is so the professor can record the students. She states this is a "online course." She states that she has given student numerous 0's and F's. She says if you have a problem within the course to go to Dr. Christopher Allen… this is important to note because I did go to Dr. Allen and never not once heard from him. She states that when your complete exams and quizzes that you must allow her to watch you through your webcam and audio. She says the software they use to record you uses artificial intelligence to track you and will flag you for cheating if it thinks your cheating. Nowhere does LSC disclose this when you apply, and frankly the thought that if I look away from my screen during a 2-hour exam will cause me to be flagged for cheating is terrifying and only add to my testing anxiety. She says the test will flag you for cheating if it sees shadows… so my moving lights, my pets, etc would likely cause me to be flagged for cheating. She admits that they are using software with facial recognition without consent. If you don't use the facial recognition, you are "suspect" she says. Again, LSC takes your money for the course but does not tell you in advance then blackmails you by saying do it or we will fail you. She says you must keep your eyes on the screen or you will be flagged for cheating. Again, this is unreasonable for a normal person. If you look away for a second you could be flagged for cheating… what if someone needs to use the restroom? Oh she says you can't get up to go to the bathroom during a 3:20 minute exam. She requires you to not only let her watch you but now you have to also show her inside your home.

13. On 21 July 2021, Leslieann Thomas and Dr. Hrisafia Bekiaris agreed that the Plaintiff could do his quizzes/exams at the local library. However, Dr. Bekiaris refused to remove the lockdown

browser to allow the Plaintiff access to his medical equipment. In addition, to protect from viruses, the library does not allow for the download of third-party software.

14. On 22 July 2021, Dr. Bekiaris raised a complaint about the Plaintiff going to the library after she had previously agreed this was acceptable. She said, "Just curious why Mrs. Thomas suggested the library for you to take your exams instead of going to a LSC testing center." The Plaintiff explained to her that LSC advertises itself as and online college and that since the Plaintiff did not live in the area, he was unable to go to the testing center. She then blamed the Plaintiff by saying "having you in Fort Worth really makes this difficult."

15. On that same day the Plaintiff asked her what she would like him to do regarding the exams with no response.

16. On 22 July 2021, the Plaintiff sent an email to Leslieann Thomas and Dr. Bekiaris raising concerns about the fact that there were 5 exams due at midnight and the accommodations promised to him by the college were still not in place. The college discriminated against the Plaintiff based on disability when they held out that he should be rushed to complete these exams when every other student was given two weeks to complete them. Still currently, the accommodations were not in place.

17. On 22 July 2021, Leslieann Thomas raised the idea that "It might be possible to get around having Michael pay for proctoring by having our Assessment Center here on campus to proctor the exam through WebEx. Just a thought you all might want to consider. You would need to speak with the Assessment Center, but I know they've proctored remotely before." She is referencing the fact that the Plaintiff had asked local colleges if they would proctor for him, and the fees were going to be $40 for each exam x5 exams a week. The Plaintiff was open to this idea.

18. On 23 July 2021, after the exams were already due and the professor had caused the Plaintiff a significant amount of stress, she emailed him to let him know "extended your exam until Wednesday at midnight." Keep in mind this was still only one week where every other student got two weeks. Again, discrimination based on disability.

19. On 23 July 2021, Dr. Bekiaris told the Plaintiff via email "Everything has been extended until Wednesday for you." The Plaintiff understood that everything had been extended.

20. On 23 July 2021, the Plaintiff brought up that he could not complete the lab quizzes and assignments because they were timing out when he took "Occasional Short Breaks" as promised in his accommodations. The professor responded with she told the Plaintiff he was out of luck because they used a third-party software and "That is nothing I can change or have control over."

21. On 24 July 2021, Dr. Bekiaris informed the Plaintiff that he would have to seek her permission to take his "lab practical" and "test" "exams" even though every other student did not have to do that. This was again discrimination and an extra requirement because he had a disability.

22. On 25 July 2021, Dr. Bekiaris stated in an email "Hi Michael. Multiple attempts aren't additive. Therefore, if you start attempt 1, take a break and the system times you out for inactivity; when you start attempt 2 none of that initial work is saved. If you again, take a break from attempt 2 and are timed out again, the cycle continues. So regardless of how many attempts I give you, taking an extended break will just have you start back at square 1. Also, that work has been posted on Connect since day 1 of the semester. You have had 9 days of opportunity to start slowly chipping away at it. The vast majority of it has not been completed. As stated in the syllabus, late work is not accepted." A couple of issues... 1) this is a direct contradiction to the accommodations the college promised him 2) it is discrimination based on the ADA and Section

- 6 -

504. 3. She was now saying that she would not accept the work even though previously she had said "Everything has been extended until Wednesday for you."

23. On 25 July 2021, the Plaintiff requested "I am requesting the complete removal of this class from my record this term and the subsequent enrollment next term in a class with a different professor. I do not intend to be charged given I have already paid for this class." The Plaintiff also requested "speak with" Dr. Allen the department chair who to date the Plaintiff has never been able to talk to.

24. On 26 July 2021, Dr. Bekiaris, said "Hi Michael. I was speaking about the quizzes, exam and lab practical. There was no reason to extend due dates for Connect work since it is not proctored or timed. Yes, taking extended breaks will time you of out Connect. That is nothing I can change or have control over." But when she emailed the Plaintiff previously, she used the word "everything." She also incorrectly says it's not timed but it is timed. Clearly if the test times out when you invoke your right to take a break it is timed.

25. On 26 July 2021, Dr. Bekiaris stated "You will be receiving a call from the assessment center in regard to setting up your quizzes and exams." This never happened. In fact, the Plaintiff made numerous attempts to contact the testing center only to get their voicemail.

26. On 27 July 2021, Dr. Bekiaris changed her statement and said "Rey from the Assessment Center has assured me that an email was sent to you yesterday with time scheduling options. They have not heard back from you." This again was inaccurate and misleading. The Plaintiff never received an email from the testing center. Then she changed her statement again and said "Michael, it was sent to your D2L email account." The Plaintiff is not aware of a "D2L email account" and told the professor.

27. On 28 July 2021, The Plaintiff notified in writing to the dean that he intended to seek litigation regarding the matter if the accommodations were not put into place. He also notified Braxton Fonner, Ops Manager – General Counsel. After a lengthy conversation explaining the issue, Mr. Fonner promised to work with all parties to come to a resolution and assured the Plaintiff he would call him on 29 July 2021 in the early afternoon to give him an update. That did not happen.

28. On 28 July 2021, after numerous emails requesting assistance to the Department Chair, the Dean, Disability Services, and the professor, the dean finally responded to the Plaintiff. He said "I have scheduled a call at 2pm to attempt to come up to speed on all of the nuances of this situation and will be better prepared to respond after having the opportunity to hear from those on the call. It may be another day before I can respond to you as I am not feeling well at all and have scheduled a medical appointment. I will make sure that I attend the 2pm call and hope to be better able to understand the breadth of the issue then." This call took place with no input from the Plaintiff regarding his disability.

29. On 29 July 2021, despite Mr. Fonner's promises he passed the case off to Associate General Counsel Nancy Molina. Ms. Molina stated for the Plaintiff to "continue working with the offices and persons you have worked with thus far as they are in the best position to assist you." These same offices has been ignoring the Plaintiff's request for help. When the Plaintiff responded to Ms. Molina stating that that is not what Mr. Fonner had promised she responded with "Understood." But no other solutions.

30. On 29 July 2021, Mr. Moates sent a final demand letter to the dean, disability services, the professor, the system office, and the general counsel requesting accommodations and to notify them of the pending lawsuit if not. Ms. Molina responded with "Someone from LSC-UP will

1   contact you soon with their decision regarding your proposed resolution." This in direct

2   contradiction to her telling the Plaintiff to contact them.

3   31. On 29 July 2021, the dean emailed the Plaintiff stating "We have received your request for a

4   refund and to be dropped from your BIOL 2401 course based on perceived issues related to

5

6   accommodations. After an extensive review it has been determined that we have fully met the

7   standard of reasonable accommodation and as a result your request has been denied. I wish you

8   success in your future academic endeavors." He copied Zack Copeland, Vice President, Lone

9   Star College. Again, none of the accommodations are in place. All of this has caused the Plaintiff

10
    significant harm including time loss in a class, emotional distress, physical distress, financial
11

12  harm, and academic harm.

13  32. On 29 July 2021, the Plaintiff filed a complaint with the CSSO Vice President for civil rights

14  violations. He notified the college he had filed complaints with Department of Justice - Civil

15  Rights Division and Department of Education OCR. On 30 July 2021, the Plaintiff found out that

16
    Mr. Coapland had been transferred and was no longer serving in his role as Vice President. It is
17

18  unclear if he is still serving as CSSO and it is also unclear if the complaint was transferred to the

19  incoming CSSO/VP. When the Plaintiff emailed Mr. Coapland, he got an automated response

20  saying he was no longer serving in the role.

21  32. On 29 July 2021, the Plaintiff requested the university withdraw him from the A&P 1 class.

22
    He requested this again on 30 July 2021. To date, the college has refused to do this despite the
23

24  request prior to the withdraw deadline. The Plaintiff is still enrolled against his wishes.

25  33. On 4 August 2021, the college updated the Plaintiffs accommodations to add the legal

26  language that took away accommodation benefits. The did not seek the input of the Plaintiff prior

27  to doing this.

28

# V. CAUSES OF ACTION

## A. Violation of Biometric Data – (Tex. Bus. & Com. Code § 503.001)

1. At no time has Lone Star College provide informed consent required for the collection of biometric identifiers as required by law.

2. Lone Star College uses a system that has "facial recognition," "tracks" you, and determines whether you are cheating, there is a shadow, you use the restroom.

## B. Violation of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973

1. The Plaintiff notified the college of his disability. The college accepted his disability and put in writing that he had accommodations. These include ADHD, Sleep Apnea, Anxiety, Insomnia, Depression, Asthma, and Dysgraphia.

2. The college did not apply the accommodations that were promised in writing.

3. After notification the college still did not put the accommodations into place.

4. The central question in this case concerns whether LSC violated the ADA and Chapter 121 by failing to provide proper auxiliary aids and services, make reasonable accommodations, and maintaining a policy and practice of failing to make its course materials accessible.

5. On July 12, 1990, Congress enacted the Americans with Disabilities Act "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1).

6. Title III of the ADA states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations of any public place of accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

7. Plaintiff has anxiety, dysgraphia, ADHD, depression, Insomnia, Sleep Apnea, and Asthma and therefore qualified individuals with disabilities within the meaning of 42 U.S.C. § 12102, et seq.

8. Defendant LSC has an obligation to comply with Title III of the ADA.

9. By refusing to provide an inaccessible website, mobile app, and course materials, LSC denies disabled students full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations that LSC makes available to its non-disabled customers. Accordingly, LSC is systematically violating the ADA by denying disabled customers the benefits of access to or the full and equal enjoyment of its website, mobile app, course materials, and other course related materials.

10. LSC's violations are ongoing and continue to deny accessibility to disabled students.

11. Under Title III of the ADA, Defendant is committing discrimination by failing:

> to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities; and

> to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services. 42 U.S.C. § 12182(b)(2)(A)(ii) and (iii).

12. By refusing to modify its website, mobile app, and course materials, even when Plaintiff have made reasonable requests and have lodged complaints, and it would not be an undue burden for LSC or alter the nature of its services, LSC has denied Plaintiff and continues to deny Plaintiffs, on the basis of their disability, the same access to LSC goods, services, facilities, privileges, advantages, and/or accommodations as the access provided to individuals without disabilities.

13. The policy of Texas "is to encourage and enable persons with disabilities to participate in the social and economic life of the state, to achieve maximum personal independence, to become

gainfully employed, and to otherwise fully enjoy all public facilities within the state." Tex. Hum. Res. Code § 121.001.

14. Tex. Hum. Res. Code § 121.002. Chapter 121 requires that public facilities must make "reasonable accommodations in policies, practices, procedures." Tex. Hum. Res. Code 121.003(d)(2). Defendants has failed to make reasonable accommodations in its policies, practices, and procedures for Plaintiff and other students who have disabilities to properly use complete coursework.

**C. Violation of Article 1 Section 3 of the Texas Constitution**

1. Defendants did not give the Plaintiff equal rights, in fact, they discriminated against the Plaintiff by adding extra requirements like less time to complete exams, requirements to go to a testing center, requirement to schedule exams. They added these requirements only after disability accommodations were sent to the professor.

2. The did not give equal access to public services or privileges by withholding accessibility accommodations.

**D. Violation of Article 1 Section 19 of the Texas Constitution**

1. Defendants deprived the Plaintiff of liberty. In fact, they not only deprived him of liberty, but they added additional requirements because he had a disability.

2. Defendants deprived the Plaintiff of his privilege to receive a fair and equal education. They willfully violated the law.

3. Defendants deprived the Plaintiff of liberty. By unlawfully requiring him to be recorded, stored in a 3rd party computer system without his consent.

4. Defendants denied the Plaintiff due process and created procedures in which the Plaintiff had no way to appeal. Since the Dean went to the Vice President and the Executive Director failed to get involved that created two issues. First, the Vice President is also the Chief Student Services Officer who is tasked with handling civil rights complaints[1]. Second, since the Executive Director for Disability Services failed to respond there was no informal complaint process. Therefor the due process that is supposed to be afforded by Section VI.D.11 and VI.D.12[2] did not take place and there for the Plaintiff was deprived of liberty without due process.

**E. Violation of the Family Educational and Privacy Rights Act - 20 U.S. Code § 1232g**

1. Defendants willfully violated FERPA by releasing protected information to Desire2Learn and Bright Space without consent. This includes grades, copyrighted content, user identifiers, contact information[3]. The company admits "Personal Information collected through Brightspace or other D2L offerings and D2L Web sites may be stored and processed by us, our affiliates or our service providers in Canada, the United States, Ireland, Australia, Singapore or other countries, including countries other than your country of residence"

2. Defendants willfully violated FERPA by releasing protected information to Respondus without consent. This includes user content, contact info, user identifiers, facial recognition data,

---

[1]
https://www.lonestar.edu/departments/generalcounsel/Section_VI.D.12_Student_Civil_Rights_Complaints_Procedures.pdf
[2] https://www.lonestar.edu/policy.htm
[3] https://www.d2l.com/legal/privacy/

- 13 -

the date and time the user starts and completes an exam session; the time that each exam question is answered; how much time is spent on each exam question; if/when an answer to an exam question is changed; the quality of the user's internet connection during the exam session (including the time and duration of any internet disconnections); mouse, keyboard and screen activity; the quality of the video recording (in terms of lighting, contrast, movement); and the quality of the audio recording, tracks the applications and processes that are running on the computing device during an exam session, and identification card data. This data is "transmitted to the Respondus Monitor server." "The default data retention period for Respondus Monitor is five years.[4]"

3. Defendants willfully violated FERPA by releasing protected information to Amazon Web Services via Respondus. Amazon Web Services provides hosting for Respondus on their servers and therefore has access to this data. "Respondus uses AWS servers."

4. Defendants willfully violated FERPA by engaging in economic duress requiring the Plaintiff to complete assignments on McGraw Hill Connect. If the Plaintiff did not use this software, he would fail. Essentially blackmail. They required the release of grades, student identifiers, student contact information, etc.

**F. Violation of the Texas Deceptive Trade Practices Act.**

1. Defendants advertised the Biology Human Anatomy and Physiology I class as being "Online Your Time- 100% Online" and "Set your own pace[5]" but the class was not entirely online. They required the Plaintiff to go to the library, testing centers, etc. Also, it was not on "your time" as

---

[4] https://web.respondus.com/privacy/privacy-additional-monitor/
[5] https://www.lonestar.edu/lsc-online/

1  they required the Plaintiff to schedule assessments with the both the testing center and the

2  professor.

4  2. Defendants engaged in professional negligence in the following instances:

a. All Defendants had a duty to make sure that accommodations were provided, that they
did not violate the constitution or the biometric laws, etc. This was their duty as a college.
They have a disability services department designed exclusively for this[6]. They also have
a general counsel's office staff to advise them on the law. The emotional stress, delay of
classes, damage to the Plaintiffs records, attempted to force the Plaintiff to consent to
contracts under duress, etc.

b. Defendant Alicia Guevara as the Executive Director of Disability Services[7] had a duty
to engage in the process of "resolv[ing] the dispute informally.[8]" She neglected that duty
by not engaging in the process at any time despite numerous complaints emailed to her
and requests for assistance.

c. Defendant Christopher Allen as the Department Chair and as the direct supervisor of
the professor, had a duty to intervene in conflict resolution when a complaint was lodged
against the professor. To date, the Defendant has not engaged in the process at any time
despite numerous complaints emailed to him and requests for assistance.

---

[6]https://www.lonestar.edu/departments/generalcounsel/Section%20VI.D.11%20Students%20with%20
Disability%20Rights%20-%20Policy.pdf
[7] https://www.lonestar.edu/Governance-Accountability-Compliance.htm
[8] https://www.lonestar.edu/departments/generalcounsel/Section%20VI.D.11-
Students%20with%20Disability%20Rights%20Procedures%208.31.20%20-%20as%20posted.pdf

d. Defendant Hrisafia Bekiaris as the professor had a duty to provide accommodations, follow the law, and protect her student's privacy. She did not do that. In fact, she did the opposite by expecting more of the Plaintiff then what other students were required to do.

e. Defendant Lone Star College had a duty to provide accommodations, follow the law, and protect student's privacy. The school failed to do that. In fact, the college did the opposite by expecting more of the Plaintiff then what other students were required to do.

3. All of these breaches of duty contributed to the various injuries of the Plaintiff.

**G. Intentional Infliction of Emotional Distress**

1. The Defendants acted together and conspired to act intentionally and recklessly. This is proven through the Dean's final email which stated, "We have received your request…" and "After an extensive review it has been determined that we have fully met the standard of reasonable accommodation and as a result your request has been denied." Clearly intentional.

2. The Defendants conduct was extreme and outrageous because they not only denied accommodations, but they also conspired as a group to add additional requirements to the Plaintiff because of his disability. This included less time to take exams then the other students and the requirement of scheduling said exams with both the professor and testing center which no other student was required to do.

3. The conduct caused the Plaintiff severe emotional distress. Outside of the general stress, the Plaintiff felt humiliated, severe anxiety, overwhelmed by the number of people involved, etc. These caused the Plaintiff to have severe panic attacks in the weeks that the situation went on.

## VI. DAMAGES

29. All previous allegations are incorporated herein by reference.

30. Mr. Moates is entitled to nominal damages, general damages, and actual damages for the Defendants' libel, including compensation for injury to his reputation.

31. Mr. Moates is entitled to exemplary damages pursuant to Chapter 41 of the Texas Civil Practices and Remedies Code because the Defendant acted with malice. The evidence is shown in the degrading comments, public humiliation, and open statements showing the intend to harm.

## VII. DEMAND TO PRESERVE EVIDENCE

32. Plaintiff demands that all Defendants preserve all evidence that is or may be relevant to the claims and defenses of the allegations made in this complaint including all electronic data of any kind.

## VIII. REQUEST FOR DISCLOSURE

33. Plaintiff requests that defendant disclose the information and material described in Texas Rule of Civil Procedure 194.2 within the time required by the rule.

## IX. DISCOVERY

34. Discovery Level 2 of Texas Rules of Civil Procedure applies to this Petition.

## IX. PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff Michael Moates asks the court to issue a citation for each Defendant to appear and answer, and that Plaintiff be awarded a judgement against Defendants for the following:

> a) Nominal damages;

- 17 -

b) General damages;

c) Actual damages;

d) Special damages;

e) Exemplary damages;

f) Pre and post judgement interest;

g) declaratory relief

and

a) Declare that LSC has violated the ADA and Chapter 121;

b) Permanently enjoin LSC from violating the ADA and Chapter 121;

c) Issue an injunction requiring LSC to remove the BIOL 2401 course completely from the Plaintiff record and issue him a complete refund for the course.

d) Issue any further relief as the court may deem appropriate

Respectfully Submitted,

/s/ Michael S. Moates

Michael Moates, Pro Se

Michaelsmoates@gmail.com

817-999-7534

2700 Colorado Boulevard #1526, Denton, TX 76210

| | |
|---|---|
| **From:** | Stephen Quezada |
| **To:** | MMOATES@my.lonestar.edu |
| **Subject:** | Lone Star College |
| **Date:** | Tuesday, August 10, 2021 9:34:23 AM |
| **Attachments:** | logo_a83735f8-80ca-4a7b-81ad-3201a2d49899.jpg |

Mr. Moates,

Gray Reed represents Lone Star College regarding the claims you have asserted against it. Please direct all future communications to my attention.

I was made aware that you attempted to serve Lone Star and the other defendants named in your lawsuit by certified mail addressed to Nancy Molina. Ms. Molina is not an agent designated or authorized to accept service on behalf of Lone Star College System or any individual or employee of Lone Star. Your attempted service is therefore not proper.

I am not authorized to accept service on behalf of Lone Star or anyone else. If you choose to pursue your lawsuit, you should properly serve Lone Star and all others you named.

I am reviewing your demand with Lone Star and will respond soon.

Regards,

Stephen Quezada

**Stephen Quezada**
**Counsel**
Tel 713.986.7215 | Fax 713.730.5985 | squezada@grayreed.com
1300 Post Oak Blvd., Suite 2000 | Houston, TX 77056
grayreed.com | Connect with me on LinkedIn

*Board Certified - Labor & Employment Law*
*Texas Board of Legal Specialization*



**CONFIDENTIALITY NOTICE:** This electronic transmission and any attachments constitute confidential information which is intended only for the named recipient(s) and may be legally privileged. If you have received this communication in error, please contact the sender immediately. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication by anyone other than the named recipient(s) is strictly prohibited.

| | |
|---|---|
| **From:** | Michael Moates |
| **To:** | Stephen Quezada |
| **Cc:** | michaelsmoates@gmail.com; Molina, Nancy |
| **Subject:** | [EXTERNAL] Re: Lone Star College |
| **Date:** | Tuesday, August 10, 2021 10:43:41 AM |
| **Attachments:** | logo_a83735f8-80ca-4a7b-81ad-3201a2d49899.jpg |
| | Screen Shot 2021-08-10 at 10.10.58 AM.png |

Mr. Quezada,

Let me start by saying I am a straight shooter and I don't play games.

You will not be restricting my speech. Period. I will direct issues to you but you cannot prevent me from communicating with the college on issues that I am having. I fully intent to continue requesting what I am due under apliciable law. I also will be speaking to the Board of Trustees next month to give them an update and that is covered under the First Amendment and Open Meetings Act and if you would like to have this arguement I am happy to do so in front of a judge. Also you will not stop me from talking to the media either.

Regarding your staement about Mrs. Molina recieving service. See the attached photo showing an email from Mrs. Molina stating that she can recieve service. Surely you are not suggesting that Deputy Chief Operating Officer & Associate General Counsel for Lone Star College made a factual affirmative misrepresntations about her represntation and right to recieve service on behalf of the college because that would then involve things like seeking a sanctions, filing a complaint with the bar assoication, and sharing this with the media. This would be a grave ethics and rules violation under the Texas Discplinary Rules of Professional Conduct Rule 4.01 (a) which states "In the course of representing a client a lawyer shall not knowingly: (a) make a false statement of material fact or law to a third person;". I am fairly confident with the email and recording of phone calls I have from Mrs. Molina that a judge will say the college was properly served and the Defendants were properly served in their capacity as employees of the college.

Also, persuant to Rule 106 (a)(2) of the TRCP, "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto" and this took place. Each Defendant was mailed a copy. Furthermore, the address it was sent to is the address of the system office.
See https://www.lonestar.edu/maps-centralservices.htm. Lone Star College has been properly served. If you want to fight this we can.

Please direct all future communications to my personal email: michaelsmoates@gmail.com. I look forward to you reply to my demands.

Very Respectfully,

Michael Moates

# LSC-System Office Maps - Lone Star College System

5000 Research Forest Drive The Woodlands, Texas 77381-4356 832.813.6500. Campus Map

www.lonestar.edu

---

**From:** Stephen Quezada <squezada@grayreed.com>
**Sent:** Tuesday, August 10, 2021 9:34 AM
**To:** Michael Moates <MMOATES@my.lonestar.edu>
**Subject:** Lone Star College

Mr. Moates,

Gray Reed represents Lone Star College regarding the claims you have asserted against it. Please direct all future communications to my attention.

I was made aware that you attempted to serve Lone Star and the other defendants named in your lawsuit by certified mail addressed to Nancy Molina. Ms. Molina is not an agent designated or authorized to accept service on behalf of Lone Star College System or any individual or employee of Lone Star. Your attempted service is therefore not proper.

I am not authorized to accept service on behalf of Lone Star or anyone else. If you choose to pursue your lawsuit, you should properly serve Lone Star and all others you named.

I am reviewing your demand with Lone Star and will respond soon.

Regards,

Stephen Quezada

**Stephen Quezada**
**Counsel**
Tel 713.986.7215 | Fax 713.730.5985 | squezada@grayreed.com
1300 Post Oak Blvd., Suite 2000 | Houston, TX 77056
grayreed.com | Connect with me on LinkedIn

*Board Certified - Labor & Employment Law*

*Texas Board of Legal Specialization*



**CONFIDENTIALITY NOTICE:** This electronic transmission and any attachments constitute confidential information which is intended only for the named recipient(s) and may be legally privileged. If you have received this communication in error, please contact the sender immediately. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication by anyone other than the named recipient(s) is strictly prohibited.

| | |
|---|---|
| **From:** | Michael Moates |
| **To:** | Head, Steve; Office of the Chancellor; Stephen Quezada |
| **Cc:** | Molina, Nancy |
| **Subject:** | [EXTERNAL] One more thing... |
| **Date:** | Tuesday, August 10, 2021 12:15:50 PM |

Mr. Quezada,

One more thing. My demand letter/offers expires at the end of business on Friday 9/12/2021. At that time if we cannot come to an agreement, I will be filing an amended complaint with causes of action against the college for: Interference with Due Process of Law, a bar complaint, and sanctions (re Molina/your email). In addition, I will ask the court to find LSC/Mrs. Molina in criminal contempt for violating Texas Penal Code 38.16 which states: "(a) A person commits an offense if he intentionally or knowingly by words or physical action prevents the execution of any process in a civil cause" under Texas Government Code 21.002.

Mrs. Probasco,

As always please foward to the board. Also, please send me their contact information in their offical capacity.

Michael Moates, MA, QMHP-T, RBT, CPI
Doctor of Education Student, Fielding Graduate University

## CONFIDENTIAL RELEASE AGREEMENT

This Confidential Separation and Release Agreement (the "Agreement") is made by and between Lone Star College System District ("LSC") and Michael S. Moates ("Student").

WHEREAS, "Student" includes Michael S. Moates, his heirs, assigns, and successors;

WHEREAS, Student is a current student of LSC and enrolled in BIOL 1322 and BIOL 2401;

WHEREAS, on July 29, 2021, Student filed an Original Petition, which he subsequently amended on August 5, 2021, in the 362nd Judicial District Court of Denton County, Texas, numbered 21-6417-362;

WHEREAS, on August 9, 2021, Student filed an Application for Temporary Restraining Order and Temporary Injunction in the 362nd Judicial District Court of Denton County, Texas, where it was assigned Cause No. 21-6417-362;

WHEREAS, LSC removed Student's Amended Petition, and all other related matters, from the 362nd Judicial District Court of Denton County, Texas, to the United States District Court for the Eastern District of Texas, Sherman Division, where it was assigned Civil Action Number 4:21-cv-00631;

WHEREAS, this Agreement shall collectively refer to Student's claims filed in the 362nd Judicial District Court of Denton County, Texas and subsequently removed to the United States District Court for the Eastern District of Texas, Sherman Division as the "Lawsuit;" and

WHEREAS, Student and LSC wish to resolve the Lawsuit and any and all other claims, causes of action, or disputes, known or unknown.

NOW, THEREFORE, in consideration of the mutual promises and undertakings set forth below, and other valuable consideration, the sufficiency of which is hereby acknowledged, LSC and Student agree as follows:

1.      **Dismissal of Lawsuit with Prejudice.** Within two (2) business day from the date this Agreement is signed and returned to counsel for LSC, Student and LSC shall file a joint stipulation of dismissal with prejudice dismissing the Lawsuit in its entirety and as to all parties with prejudice. The stipulation shall serve to dismiss the Lawsuit with prejudice from the state court and federal court. Student agrees that, if needed to close the state court case, that an additional stipulation of dismissal with prejudice or notice of nonsuit with prejudice will be filed with the state court. Student agrees that he shall allow the Lawsuit to become finally dismissed with prejudice. Student further agrees that he waives any right to withdraw the dismissal of prejudice of the Lawsuit, seek to have the Lawsuit reopened, or otherwise request review from the court or any court of appeal. The dismissal with prejudice of the Lawsuit shall be the final disposition of the Lawsuit.

2.      **Waiver of Fees and Costs.** In exchange for the final dismissal with prejudice of the Lawsuit, LSC agrees that it shall waive, and not seek, its attorneys' fees and costs associated with its defense of the Lawsuit.

3.      **No Future Attendance or Application.** Student shall remain a student of LSC for the sole purpose of remaining enrolled in BIOL 1322 ("Nutrition") until that course concludes, as

determined by LSC in its normal course of administering courses, and whether or not completed by Student. Student is responsible for completing all coursework and requirements of Nutrition in the manner and in the timeframe in which they are required to be completed. Nothing in this Agreement, nor anything else, is a guarantee of Student's completion of Nutrition or any of any particular outcome. It is student's responsibility to fulfill all requirements of Nutrition in good faith and within the time/deadlines established by the course. Student's dispute of or displeasure with the ultimate outcome of Nutrition, or any other course, shall not be considered a breach of this Agreement. This Agreement makes no promise regarding the completion or outcome of Nutrition or any other course. Moreover, nothing in this Agreement shall modify Student's obligation to comply with LSC policies or meet LSC standards as he completes Nutrition, or otherwise. Nothing herein modifies LSC's ability to enforce its policies. Student agrees that he shall not at any time enroll in, apply to attend, or petition to attend, any other courses or offerings at LSC, or any LSC affiliated or related institution, or otherwise attend LSC, or any LSC affiliated or related institution, in any manner. Such agreement includes any course or offering no matter whether a cost is associated with it. Student also agrees that in the event he knowingly or unknowingly enrolls or becomes enrolled in any course or offering at LSC, or any LSC affiliated or related institution, that he will withdraw from such course or offering and/or cease attendance immediately upon notice from LSC. LSC shall be under no obligation to reimburse Student for any cost, including, but not limited to tuition and fees, for any course or offering from which he is required to withdraw or cease attending pursuant to this Agreement. LSC shall also be under no obligation to code Student's withdrawal or cessation of attendance in any particular manner. Student's obligation to withdraw or cease attendance is without regard to any deadlines regarding withdrawal or whether such withdrawal or cessation will impact student's grade(s), grade point average, degree plan, or any other factor or consideration. Student's agreement to not attend LSC in the future shall not be classified as a suspension or expulsion.

4. **Reimbursement of Tuition.** LSC agrees that it shall reimburse Student for tuition actually paid to LSC for the BIOL 1322 and BIOL 2401 courses. That amount is One Thousand Four Hundred Eleven and 00/100 Dollars ($1,411.00) (the "Reimbursement Amount"). LSC shall pay student the Reimbursement Amount within fourteen (14) days from the date that Student executes and submits to counsel for LSC the Confidential Supplemental Release Agreement.

5. **Withdrawal of BIOL 2401.** In exchange for the promises herein, student shall withdraw from BIOL 2401 ("A&P"). Student's withdrawal from the course shall be coded as a withdrawal "with good cause."

6. **TPIA Requests.** Student agrees that this resolution satisfies the matters that are subject of his requests submitted to LSC under the Texas Public Information Act. Accordingly, student agrees that LSC need not respond to his TPIA requests and that he has submitted, on his own volition and prior to the execution of this Agreement, a withdrawal of the previously submitted TPIA requests, as the requests are moot.

7. **General Release.** In exchange for the dismissal of the Lawsuit with prejudice and LSC's waiver of its attorneys' fees and costs associated with the Lawsuit, Student, does hereby voluntarily, knowingly, and intentionally FULLY, FINALLY and UNCONDITIONALLY RELEASE and FOREVER DISCHARGE LSC Released Parties, jointly and severally, from, and DISCLAIM, WAIVE and RENOUNCE any and all claims and causes of action, including all those asserted or which could have been asserted in the Lawsuit, whether legal, equitable, or administrative, and whether presently known or unknown, which Student or his heirs, successors or assigns may have or claim to have against LSC and/or the Released Parties arising on or before the date of Student's signature on this Agreement (hereafter "Claims"). "Released Parties" includes LSC's

past, present and future predecessors, successors, subsidiaries, parents, affiliates, officers, trustees, directors, members, managers, staff, faculty, students, former students, fiduciaries, representatives, attorneys, agents and assigns. "Released Parties" also includes all those named in the Lawsuit, Hrisafia Bekiaris, Jess Kelly, Leslieann Thomas, Christopher Allen, and Alicia Guevara, and all their respective heirs, successors, and assigns, personally and in their respective capacities at LSC. Such release includes, but is not limited to, the following:

(a)     claims arising under federal, state or local laws or regulations regarding students or prohibiting discrimination or retaliation such as, without limitation, on the basis of disability or engaging in protected activity;

(b)     all claims arising out of or in any way related to related to Student's attendance or the conclusion of his attendance at LSC and any alleged promises, oral or in writing, with Student made by LSC and/or the Released Parties;

(c)     all claims related to payments made by Student to LSC;

(f)     all claims for personal injury, harm, emotional distress or other damages (whether intentional or unintentional), including but not limited to all tort claims and claims for fraud, negligence, gross negligence, privacy, negligent misrepresentation, biometrics, misrepresentation, and defamation; and

(g)     all alleged injuries, losses, liabilities, or damages of any kind whatsoever caused to or suffered by Student by any actions or inactions of LSC and/or the Released Parties, and all other claims or causes of action whatsoever which Student may have, whether presently known or unknown, against LSC and/or the Released Parties arising on or before the date of Student's signature on this Agreement.

Student specifically acknowledges that he intends his release of claims in this Agreement to be as broad as is legally possible, that it is not necessary to identify every conceivable claim that could possibly exist in his favor against LSC and/or the Related Entities, and that he understands the scope of the release he gives in this Agreement. This release is binding on Student, and his representatives, heirs, and assigns.

Excluded from the Claims waived and released in the foregoing release are any claims or rights which cannot be waived by law and any claim arising from any breach of this Agreement by LSC. Nothing in this Agreement shall be construed to restrict or prevent Student from filing a charge or complaint with any state or federal administrative agency or from participating in an investigation or proceeding conducted by such administrative agency. However, Student understands and recognizes that even if a charge or complaint is filed by Student or on Student's behalf with an administrative agency, Student will not be entitled to any damages relating to any event which occurred prior to Student's execution of this Agreement or the date on which Student signs the Confidential Supplemental Release Agreement. Nothing in this Agreement is intended to interfere with Student's rights under federal, state or local civil rights or fair educational practice laws to institute a charge of discrimination, participate in any such agency proceeding, or cooperate in an investigation by any such agency. Such institution, participation or cooperation by Student is expressly not considered a breach of any provision of this Agreement, including without limitation those provisions pertaining to confidentiality, non-disparagement, or cooperation.

8.      **Supplemental Release.** In exchange for the promise to pay the Reimbursement Amount, Student shall execute the Confidential Supplemental Release Agreement, attached hereto as Exhibit A, no sooner than the completion or conclusion of Nutrition and no later than August 31, 2021.

9.      **No Pending Claims.** Student represents and warrants that, other than those claims asserted in the Lawsuit (which are being released in this Agreement), there are no other pending claims asserted by Student or on Student's behalf, including, but not limited to, claims pending before the United States Department of Justice, the United States Department of Education, or Texas Higher Education Coordinating Board. The fact that Student has no claims pending, other than those in the Lawsuit, is a material term of this Agreement and a representation on which LSC is fundamentally relying in order to enter into this Agreement. If any claims are pending and LSC is requested to respond to such claims, in addition to returning the Reimbursement Amount as described in Paragraph 10, Student also agrees that he shall reimburse LSC for all attorneys' fees reasonably incurred in enforcing this Paragraph 9.

10.     **Breach by Student.** If Student breaches any term in this Agreement, then LSC shall not reimburse Student as described in Paragraph 4. If LSC has already reimbursed Student as described in Paragraph 4 when Student breaches this Agreement, Student shall return the Reimbursement Amount, less One Dollar ($1.00), to LSC within five (5) business days of LSC's request for the same. LSC reserves the right, and does not waive, to recover any and all other damages allowed by law or in equity.

11.     **Tax Disclosures.** Student expressly acknowledges that LSC has made no representations to him regarding the tax consequences of the payments he will or may receive pursuant to this Agreement. Student agrees that he is solely and entirely responsible for the payment and discharge of all federal, state, and local taxes, if any, including but not limited to excise taxes, if applicable, whether not related to Section 409A of the Internal Revenue Code of 1986 as amended, that are required by law to be paid by Student with respect to the payments outlined in this Agreement.

12.     **No Admission of Liability.** Nothing contained in this Agreement, and no action taken by any party to this Agreement, shall be construed as an admission by any party of liability of any kind, and any action taken by any party in effectuating this Agreement may not be used or referenced in any future or pending litigation involving any of the parties to this Agreement, or any other party.

13.     **Non-Disparagement.** Student agrees not to disparage or make negative comments or statements (directly or indirectly), whether during or after his attendance concludes, regarding LSC or the Released Parties or to otherwise interfere with LSC's or the Released Parties' operations. Student further agrees both during or after his attendance concludes, not to solicit, encourage, advise, or assist others in bringing claims against LSC. LSC agrees that it will not make an Official Statement disparaging Student. An "Official Statement," as used herein, is one that is in writing and approved and signed by the Chancellor and General Counsel.

14.     **Confidentiality.** The terms of this Agreement shall be held in strictest confidence by Student at all times and Student shall not publicize or disclose them in any manner whatsoever; *provided, however*, that Student may disclose this Agreement: (i) to Student's immediate family; or (ii) to Student's attorney, accountant, and financial advisor; *provided, however*, that such disclosure shall only be made if such parties are made aware of this confidentiality provision and agree, in writing, to abide by it. Student may also disclose this Agreement and its terms as

required by court order or other government process or as required to enforce this Agreement. Should a disclosure of the Agreement be required by court order or other government process, Student agrees to: (i) promptly notify LSC, prior to any disclosure; (ii) at LSC's request and expense, to take all reasonably necessary steps to defend against such process or claims; (iii) permit LSC to participate with counsel of its choice in any proceeding relating to any such court order, other government process or claims; and (iv) not make any disclosures of the Agreement beyond what is required by law.

15.     **No Filings of Claims.** Student hereby covenants and agrees not to file a lawsuit in any court or tribunal or to bring any cause of action (whether by way of direct action, counterclaim, cross-claim, or interpleader) in any manner whatsoever based upon any matter directly or indirectly related to any claims released in this Agreement. Provided, however, nothing herein shall be construed to preclude either party from bringing suit to enforce or challenge this Agreement or for breach of this Agreement.

16.     **No Assignment or Liens.** Student warrants and represents that he has not assigned any claims released by the Agreement and that there are no liens or claims of lien or assignments in law or in equity or otherwise on or against any potential claims or causes of action released herein, and, further, that Student is fully entitled to and duly authorized to give the general release and waiver in this Agreement.

17.     **Severability.** If any provision of this Agreement or the application thereof is held invalid, such invalidation shall not affect other provisions or applications of this Agreement and to this end, the provisions of this Agreement are declared to be severable. No term or provision hereof will be deemed waived and no breach excused unless such waiver or consent will be in writing and signed by the waiving/consenting party.

18.     **Knowing and Voluntary.** Student agrees that he has thoroughly and carefully read this Agreement in its entirety, had the opportunity to review this Agreement with an attorney if he so chooses, had reasonable and adequate time to consider its terms, is informed and understands the meaning and effect of this Agreement, and knowingly and voluntarily entering into this Agreement, and without reliance of any representation made by LSC or Released Parties, except with regard to those promises made in this Agreement.

19.     **Choice of Law.** This Agreement shall be interpreted and construed in accordance with the laws of the State of Texas, and state or federal courts in Harris County, Texas shall have exclusive jurisdiction.

20.     **Copies.** Any photo or digital copy of this Agreement is equally as valid as an original copy.

21.     **Counterparts.** This Agreement may be executed in counterparts.

22.     **Entire Agreement.** This Agreement is the entire agreement between the parties and no representation, warranties, or other statements or promises have been made by any party in connection with this Agreement. Any modifications to this Agreement can only be made in writing and must be signed by Student and an authorized representative of LSC. Student expressly warrants and represents that no promise, statement, representation or agreement that is not herein expressed has been made to Student in connection with or as an inducement for Student's execution of this Agreement. Student further warrants and represents that Student, in executing this Agreement: (i) is relying upon his own judgment (and the advice of counsel, if any),

and (ii) is not relying upon any promise, statement, representation or agreement of any agent of LSC or the Related Entities that is not expressly contained in this Agreement. Student understands LSC and the Related Entities are relying upon Student's representations in this Paragraph by entering into this Agreement with Student.

_____     8/13/2021
Michael S. Moates                    _____
                                     Date

_____     Aug 18, 2021
Stephen Head (Aug 18, 2021 09:08 CDT) _____
Lone Star College System District   Date
Authorized Representative

[END OF DOCUMENT]

## EXHIBIT A

## CONFIDENTIAL SUPPLEMENTAL RELEASE AGREEMENT

This Confidential Supplemental Release Agreement (the "Supplemental Release Agreement") is made by and between Lone Star College System District ("LSC") and Michael S. Moates ("Student").

In consideration of the mutual promises and undertakings set forth below, and other valuable consideration, the sufficiency of which is hereby acknowledged, LSC and Student agree as follows:

1.  **Reimbursement of Tuition.** LSC agrees that it shall reimburse Student for tuition actually paid to LSC for the BIOL 1322 and BIOL 2401 courses. That amount is One Thousand Four Hundred Eleven and 00/100 Dollars ($1,411.00) (the "Reimbursement Amount"). LSC shall pay student the Reimbursement Amount within fourteen (14) days from the date that Student executes and submits to counsel for LSC this Supplemental Release Agreement.

2.  **General Release.** In exchange for the Reimbursement Amount, Student, does hereby voluntarily, knowingly, and intentionally FULLY, FINALLY and UNCONDITIONALLY RELEASE and FOREVER DISCHARGE LSC Released Parties, jointly and severally, from, and DISCLAIM, WAIVE and RENOUNCE any and all claims and causes of action, including all those asserted or which could have been asserted in the Lawsuit, whether legal, equitable, or administrative, and whether presently known or unknown, which Student or his heirs, successors or assigns may have or claim to have against LSC and/or the Released Parties arising on or before the date of Student's signature on this Supplemental Release Agreement (hereafter "Claims"). "Released Parties" includes LSC's past, present and future predecessors, successors, subsidiaries, parents, affiliates, officers, trustees, directors, members, managers, staff, faculty, students, former students, fiduciaries, representatives, attorneys, agents and assigns. "Released Parties" also includes all those named in the Lawsuit, Hrisafia Bekiaris, Jess Kelly, Leslieann Thomas, Christopher Allen, and Alicia Guevara, and all their respective heirs, successors, and assigns, personally and in their respective capacities at LSC. Such release includes, but is not limited to, the following:

> (a)  claims arising under federal, state or local laws or regulations regarding students or prohibiting discrimination or retaliation such as, without limitation, on the basis of disability or engaging in protected activity;

> (b)  all claims arising out of or in any way related to related to Student's attendance or the conclusion of his attendance at LSC and any alleged promises, oral or in writing, with Student made by LSC and/or the Released Parties;

> (c)  all claims related to payments made by Student to LSC;

> (f)  all claims for personal injury, harm, emotional distress or other damages (whether intentional or unintentional), including but not limited to all tort claims and claims for fraud, negligence, gross negligence, privacy, negligent misrepresentation, biometrics, misrepresentation, and defamation; and

> (g)  all alleged injuries, losses, liabilities, or damages of any kind whatsoever caused to or suffered by Student by any actions or inactions of LSC and/or the

Released Parties, and all other claims or causes of action whatsoever which Student may have, whether presently known or unknown, against LSC and/or the Released Parties arising on or before the date of Student's signature on this Supplemental Release Agreement.

Student specifically acknowledges that he intends his release of claims in this Supplemental Release Agreement to be as broad as is legally possible, that it is not necessary to identify every conceivable claim that could possibly exist in his favor against LSC and/or the Related Entities, and that he understands the scope of the release he gives in this Supplemental Release Agreement. This release is binding on Student, and his representatives, heirs, and assigns.

Excluded from the Claims waived and released in the foregoing release are any claims or rights which cannot be waived by law and any claim arising from any breach of this Supplemental Release Agreement by LSC. Nothing in this Supplemental Release Agreement shall be construed to restrict or prevent Student from filing a charge or complaint with any state or federal administrative agency or from participating in an investigation or proceeding conducted by such administrative agency. However, Student understands and recognizes that even if a charge or complaint is filed by Student or on Student's behalf with an administrative agency, Student will not be entitled to any damages relating to any event which occurred prior to Student's execution of this Supplemental Release Agreement. Nothing in this Supplemental Release Agreement is intended to interfere with Student's rights under federal, state or local civil rights or fair educational practice laws to institute a charge of discrimination, participate in any such agency proceeding, or cooperate in an investigation by any such agency. Such institution, participation or cooperation by Student is expressly not considered a breach of any provision of this Supplemental Release Agreement, including without limitation those provisions pertaining to confidentiality, non-disparagement, or cooperation.

3. **No Pending Claims.** Student represents and warrants that there are no pending claims asserted by Student or on Student's behalf, including, but not limited to, claims pending before the United States Department of Justice, the United States Department of Education, or Texas Higher Education Coordinating Board. The fact that Student has no claims pending is a material term of this Supplemental Release Agreement and a representation on which LSC is fundamentally relying in order to enter into this Supplemental Release Agreement. If any claims are pending and LSC is requested to respond to such claims, in addition to returning the Reimbursement Amount as described in Paragraph 4, Student also agrees that he shall reimburse LSC for all attorneys' fees reasonably incurred in enforcing this Paragraph 3.

4. **Breach by Student.** If Student breaches any term in this Supplemental Release Agreement, then LSC shall not reimburse Student as described in Paragraph 1. If LSC has already reimbursed Student as described in Paragraph 1 when Student breaches this Supplemental Release Agreement, Student shall return the Reimbursement Amount, less One Dollar ($1.00), to LSC within five (5) business days of LSC's request for the same. LSC reserves the right, and does not waive, to recover any and all other damages allowed by law or in equity.

5. **Tax Disclosures.** Student expressly acknowledges that LSC has made no representations to him regarding the tax consequences of the payments he will or may receive pursuant to this Supplemental Release Agreement. Student agrees that he is solely and entirely responsible for the payment and discharge of all federal, state, and local taxes, if any, including but not limited to excise taxes, if applicable, whether not related to Section 409A of the Internal

Revenue Code of 1986 as amended, that are required by law to be paid by Student with respect to the payments outlined in this Supplemental Release Agreement.

6. **No Admission of Liability.** Nothing contained in this Supplemental Release Agreement, and no action taken by any party to this Supplemental Release Agreement, shall be construed as an admission by any party of liability of any kind, and any action taken by any party in effectuating this Supplemental Release Agreement may not be used or referenced in any future or pending litigation involving any of the parties to this Supplemental Release Agreement, or any other party.

7. **Non-Disparagement.** Student agrees not to disparage or make negative comments or statements (directly or indirectly), whether during or after his attendance concludes, regarding LSC or the Released Parties or to otherwise interfere with LSC's or the Released Parties' operations. Student further agrees both during or after his attendance concludes, not to solicit, encourage, advise, or assist others in bringing claims against LSC.

8. **Confidentiality.** The terms of this Supplemental Release Agreement shall be held in strictest confidence by Student at all times and Student shall not publicize or disclose them in any manner whatsoever; *provided, however*, that Student may disclose this Supplemental Release Agreement: (i) to Student's immediate family; or (ii) to Student's attorney, accountant, and financial advisor; *provided, however*, that such disclosure shall only be made if such parties are made aware of this confidentiality provision and agree, in writing, to abide by it. Student may also disclose this Supplemental Release Agreement and its terms as required by court order or other government process or as required to enforce this Supplemental Release Agreement. Should a disclosure of the Supplemental Release Agreement be required by court order or other government process, Student agrees to: (i) promptly notify LSC, prior to any disclosure; (ii) at LSC's request and expense, to take all reasonably necessary steps to defend against such process or claims; (iii) permit LSC to participate with counsel of its choice in any proceeding relating to any such court order, other government process or claims; and (iv) not make any disclosures of the Supplemental Release Agreement beyond what is required by law.

9. **No Filings of Claims.** Student hereby covenants and agrees not to file a lawsuit in any court or tribunal or to bring any cause of action (whether by way of direct action, counterclaim, cross-claim, or interpleader) in any manner whatsoever based upon any matter directly or indirectly related to any claims released in this Supplemental Release Agreement. Provided, however, nothing herein shall be construed to preclude either party from bringing suit to enforce or challenge this Supplemental Release Agreement or for breach of this Supplemental Release Agreement.

10. **No Assignment or Liens.** Student warrants and represents that he has not assigned any claims released by the Supplemental Release Agreement and that there are no liens or claims of lien or assignments in law or in equity or otherwise on or against any potential claims or causes of action released herein, and, further, that Student is fully entitled to and duly authorized to give the general release and waiver in this Supplemental Release Agreement.

11. **Severability.** If any provision of this Supplemental Release Agreement or the application thereof is held invalid, such invalidation shall not affect other provisions or applications of this Supplemental Release Agreement and to this end, the provisions of this Supplemental Release Agreement are declared to be severable. No term or provision hereof will be deemed waived and no breach excused unless such waiver or consent will be in writing and signed by the waiving/consenting party.

12. **Knowing and Voluntary.** Student agrees that he has thoroughly and carefully read this Supplemental Release Agreement in its entirety, had the opportunity to review this Supplemental Release Agreement with an attorney if he so chooses, had reasonable and adequate time to consider its terms, is informed and understands the meaning and effect of this Supplemental Release Agreement, and knowingly and voluntarily entering into this Supplemental Release Agreement, and without reliance of any representation made by LSC or Released Parties, except with regard to those promises made in this Supplemental Release Agreement.

13. **Choice of Law.** This Supplemental Release Agreement shall be interpreted and construed in accordance with the laws of the State of Texas, and state or federal courts in Harris County, Texas shall have exclusive jurisdiction.

14. **Copies.** Any photo or digital copy of this Supplemental Release Agreement is equally as valid as an original copy.

15. **Counterparts.** This Supplemental Release Agreement may be executed in counterparts.

16. **Entire Agreement.** This Supplemental Release Agreement is the entire agreement between the parties and no representation, warranties, or other statements or promises have been made by any party in connection with this Supplemental Release Agreement. Any modifications to this Supplemental Release Agreement can only be made in writing and must be signed by Student and an authorized representative of LSC. Student expressly warrants and represents that no promise, statement, representation or agreement that is not herein expressed has been made to Student in connection with or as an inducement for Student's execution of this Supplemental Release Agreement. Student further warrants and represents that Student, in executing this Supplemental Release Agreement: (i) is relying upon his own judgment (and the advice of counsel, if any), and (ii) is not relying upon any promise, statement, representation or agreement of any agent of LSC or the Related Entities that is not expressly contained in this Supplemental Release Agreement. Student understands LSC and the Related Entities are relying upon Student's representations in this Paragraph by entering into this Supplemental Release Agreement with Student.

SIGNED AND AGREED TO:


_____          _____
Michael S. Moates                                 Date


_____          _____
Lone Star College System District                 Date
Authorized Representative

[END OF DOCUMENT]

4840-2676-9398.1

| From: | Stephen Quezada |
|---|---|
| To: | Michael Moates |
| Subject: | RE: [EXTERNAL] Answer |
| Date: | Monday, August 16, 2021 3:00:50 PM |
| Attachments: | logo_a83735f8-80ca-4a7b-81ad-3201a2d49899.jpg |
| | Joint Stipulation of Dismissal.docx |
| | Proposed Order - Joint Stipualtion of Dismissal with Prejudice.docx |

Hi, Michael,

I was waiting on getting the signed release agreement so that I wouldn't pepper you with emails.

I will send the signed agreement as soon as a I have it.

LSC will submit the with cause withdrawal. Don't worry about that.

I have let them know about your need to drop the fall classes. I will be sure to get a response on that, but don't imagine that is a problem.

Attached is the stipulated dismissal and order of dismissal that we can get on file as soon as I get you a signed copy of the release agreement.

Please let me know if I can sign on your behalf.

Thanks.


**Stephen Quezada**
**Counsel**
Tel 713.986.7215 | Fax 713.730.5985 | squezada@grayreed.com
1300 Post Oak Blvd., Suite 2000 | Houston, TX 77056
grayreed.com | Connect with me on LinkedIn

*Board Certified - Labor & Employment Law*
*Texas Board of Legal Specialization*



CONFIDENTIALITY NOTICE: This electronic transmission and any attachments constitute confidential information which is intended only for the named recipient(s) and may be legally privileged. If you have received this communication in error, please contact the sender immediately. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication by anyone other than the named recipient(s) is strictly prohibited.


**From:** Michael Moates <michaelsmoates@gmail.com>
**Sent:** Monday, August 16, 2021 2:57 PM
**To:** Stephen Quezada <squezada@grayreed.com>
**Subject:** [EXTERNAL] Answer

Also, I know your answer is due tomorrow. Do you want to discuss a solution to that? Dismiss?
Michael Moates, MA, QMHP-T, RBT, CPI

| | |
|---|---|
| **From:** | Michael Moates |
| **To:** | Stephen Quezada |
| **Subject:** | Re: [EXTERNAL] Answer |
| **Date:** | Tuesday, August 17, 2021 1:58:19 PM |

Perfect. Just so you have it in writing, I approve the stipulated agreements to be filed with my electronic signature on my behalf pending the final signature.

Glad we could resolve this!

Sent from my iPhone

**Michael Moates, RBT, CPI**
*Doctor of Education Student | Fielding Graduate University*
*Master of Arts in Interdisciplinary Studies Student | Liberty University*
*Senior Member, Civil Air Patrol, US Air Force Auxiliary*
*State of Texas Commissioned Notary Public*
*(817) 999-7534 | mmoates@email.fielding.edu*

*"Yesterday is not ours to recover but tomorrow is ours to win or lose." – President Lyndon B. Johnson*

**"When I was a baby child, good and bad was just a game, many years and many triumphs, they proved to me they not the same"**

On Aug 17, 2021, at 11:56 AM, Stephen Quezada <squezada@grayreed.com> wrote:

Hi, Michael,

The agreement is queue for signature and should be signed by mid-afternoon. I will touch base soon. Thanks.

Stephen Quezada
**Counsel**
Tel 713.986.7215 | Fax 713.730.5985 | squezada@grayreed.com
1300 Post Oak Blvd., Suite 2000 | Houston, TX 77056
grayreed.com | Connect with me on LinkedIn

*Board Certified - Labor & Employment Law*
*Texas Board of Legal Specialization*

<logo_a83735f8-80ca-4a7b-81ad-3201a2d49899.jpg>

CONFIDENTIALITY NOTICE: This electronic transmission and any attachments constitute confidential information which is
intended only for the named recipient(s) and may be legally privileged. If you have received this communication in

| | |
|---|---|
| **From:** | Stephen Quezada |
| **To:** | Michael Moates |
| **Subject:** | RE: [EXTERNAL] Answer |
| **Date:** | Tuesday, August 17, 2021 3:30:00 PM |

Thanks Michael. I checked in with LSC. I am told that the signature is coming. I will get the documents on file.

**From:** Michael Moates <michaelsmoates@gmail.com>
**Sent:** Tuesday, August 17, 2021 1:58 PM
**To:** Stephen Quezada <squezada@grayreed.com>
**Subject:** Re: [EXTERNAL] Answer

Perfect. Just so you have it in writing, I approve the stipulated agreements to be filed with my electronic signature on my behalf pending the final signature.

Glad we could resolve this!

Sent from my iPhone

**Michael Moates, RBT, CPI**
*Doctor of Education Student | Fielding Graduate University*
*Master of Arts in Interdisciplinary Studies Student | Liberty University*
*Senior Member, Civil Air Patrol, US Air Force Auxiliary*
*State of Texas Commissioned Notary Public*
*(817) 999-7534 | mmoates@email.fielding.edu*

*"Yesterday is not ours to recover but tomorrow is ours to win or lose." - President Lyndon B. Johnson*

**"When I was a baby child, good and bad was just a game, many years and many triumphs, they proved to me they not the same"**

On Aug 17, 2021, at 11:56 AM, Stephen Quezada <squezada@grayreed.com> wrote:

Hi, Michael,

The agreement is queue for signature and should be signed by mid-afternoon. I will touch base soon. Thanks.

**Stephen Quezada**
**Counsel**
Tel 713.986.7215 | Fax 713.730.5985 | squezada@grayreed.com
1300 Post Oak Blvd., Suite 2000 | Houston, TX 77056

grayreed.com | Connect with me on LinkedIn

***Board Certified - Labor & Employment Law***
***Texas Board of Legal Specialization***

<logo_a83735f8-80ca-4a7b-81ad-3201a2d49899.jpg>

CONFIDENTIALITY NOTICE: This electronic transmission and any attachments constitute confidential information which is
intended only for the named recipient(s) and may be legally privileged. If you have received this communication in error, please
contact the sender immediately. Any disclosure, copying, distribution or the taking of any action concerning the contents of
this communication by anyone other than the named recipient(s) is strictly prohibited.

**From:** Michael Moates <michaelsmoates@gmail.com>
**Sent:** Monday, August 16, 2021 2:57 PM
**To:** Stephen Quezada <squezada@grayreed.com>
**Subject:** [EXTERNAL] Answer

Also, I know your answer is due tomorrow. Do you want to discuss a solution to that? Dismiss?

Michael Moates. MA. QMHP-T. RBT. CPI
Doctor of Education Student | Fielding Graduate University
Senior Member, Civil Air Patrol, US Air Force Auxiliary
State of Texas Commissioned Notary Public
(817) 999-7534 | mmoates@email.fielding.edu

LG TQ Safe Zone
ACADEMIC Freedom.Advocate

**From:** Stephen Quezada
**To:** Michael Moates
**Subject:** Stephen Quezada sent you "Filed Joint Stipulation of Dismissal and Order 8-17-2021"
**Date:** Tuesday, August 17, 2021 9:40:14 PM
**Attachments:** Filed Joint Stipulation of Dismissal and Order 8-17-2021.pdf
logo_a83735f8-80ca-4a7b-81ad-3201a2d49899.jpg

Michael,

Attached is the document that I filed today with permission, per your prior email.

LSC tells me that the document should be signed very soon. The chancellor has to sign these documents and it is in his desk.

**Stephen Quezada**
**Counsel**
Tel 713.986.7215 | Fax 713.730.5985 | squezada@grayreed.com
1300 Post Oak Blvd., Suite 2000 | Houston, TX 77056
grayreed.com | Connect with me on LinkedIn

*Board Certified - Labor & Employment Law*
*Texas Board of Legal Specialization*



CONFIDENTIALITY NOTICE: This electronic transmission and any attachments constitute confidential information which is intended only for the named recipient(s) and may be legally privileged. If you have received this communication in error, please contact the sender immediately. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication by anyone other than the named recipient(s) is strictly prohibited.

**Stephen Quezada**

| | |
|---|---|
| **From:** | Michael Moates <MMOATES@my.lonestar.edu> |
| **Sent:** | Saturday, August 21, 2021 9:43 AM |
| **To:** | Thomas, Leslieann; beverly.M.Copeland@lonestar.ed; Guevara, Alicia |
| **Cc:** | Molina, Nancy; Stephen Quezada; michaelsmoates@gmail.com |
| **Subject:** | [EXTERNAL] Assignment |
| **Attachments:** | Screen Shot 2021-08-21 at 9.05.12 AM.png |

Hello all:

Just as I feared with the nutrition assignement and brought up to many of you, the professor has given me a 0 for the food log. The food log was directly releated to my disability - eating disorder. It required me to release information about my disability I am not required to do. I asked for an alternative assignment because I am not required to release information related to my disability to anyone but disability services. Please note the accomdation letter states "The student's **disability-related information**, including affiliation with our office, **is considered protected information under FERPA** and **should not be shared with anyone**" The information requested would require disclosure of my disability.

A couple of things to note:

1. I did notify disability services about this on the phone and I am assuming due to litigation they were instructed to go through Mr. Quezada who I also brought this up to.
2. Last night before she graded this assignment I have an 92 in the class now I have a 72.
3. The teacher did not grade any of my assignment she gave me a flat 0 when I did 90 percent of the work. Absent only the **information directly-releated** to my disability. The only thing being I did not release information releated to my disability - specifically food intake. I gave her the information such as calories, carbs, etc...
4. I have a 93% on exams, 100% on the final, 100% on the video essay. I know the content of this class and I had an A, now I have a low C over this assignment.
5. I have spoken to the professor. She is unwilling to accept a sample sheet whereby I create an example food log.

6. I am unwilling to sign the second agreement until this is resolved.

My hope is that we can resolve this. Please let me know how you want to procced. Futhermore, please note that persuant to VI.D.11 (c)(3) this is an informal request under the policy. I have copied the ED and DSC as required and since the litigation is an issue I have copied the attorneys. I really really hope we can resove this because I really don't want to start this process over.

Please note we are under a time crunch to get his resolved as the 31 is the deadline for the second agreement if it is going to be executed.

Here are some references showing that there is a direct correlation to food intake to my eating disorder, diagnosis, and that this is considered treatment.

https://www.cci.health.wa.gov.au/~/media/CCI/Consumer-Modules/Overcoming-Disordered-Eating---Part-A/Overcoming-Disordered-Eating---04---Self-monitoring.pdf
https://www.verywellmind.com/eating-disorders-self-monitoring-1138367
https://www.verywellmind.com/apps-and-eating-disorders-the-good-and-the-bad-3878432
https://tapestrync.com/resources/eating-disorder-recovery-meal-plan/

Pollert, G. A., Engel, S. G., Schreiber-Gregory, D. N., Crosby, R. D., Cao, L., Wonderlich, S. A., Tanofsky-Kraff, M., & Mitchell, J. E. (2013). The role of eating and emotion in binge eating disorder and loss of control eating. *The International Journal of Eating Disorders, 46*(3), 233-238. https://doi.org/10.1002/eat.22061

Shultes, A. (2013, ). No magic formula, but plenty of support for disordered eating.*University Wire*

*Susan Stevens Daily Herald Health Writer. (2007, ). A 4,000-calorie after-dinner snack binge eating is the most common eating disorder in the united states. conquering it requires learning a new relationship to food: All edition. Daily Herald (Arlington Heights, Ill. : Arlington Heights Ed.)*

*Sadeh-Sharvit, S., Kim, J. P., Darcy, A. M., Neri, E., Vierhile, M., Robinson, A., Tregarthen, J., & Lock, J. D. (2018). Subgrouping the users of a specialized app for eating disorders. Eating Disorders, 26(4), 361-372. https://doi.org/10.1080/10640266.2018.1440043*

Michael Moates, MA, QMHP-T, RBT, CPI
Doctor of Education Student, Fielding Graduate University

| | |
|---|---|
| **From:** | Stephen Quezada |
| **To:** | Michael Moates |
| **Cc:** | michaelsmoates@gmail.com; Molina, Nancy |
| **Subject:** | Re: [EXTERNAL] Re: READ FIRST, SORRY |
| **Date:** | Tuesday, August 24, 2021 8:47:52 PM |
| **Attachments:** | logo_a83735f8-80ca-4a7b-81ad-3201a2d49899.jpg |
| | logo_a83735f8-80ca-4a7b-81ad-3201a2d49899.jpg |

Sounds good.

**Stephen Quezada**
**Counsel**
Tel 713.986.7215 | Fax 713.730.5985 | squezada@grayreed.com
1300 Post Oak Blvd., Suite 2000 | Houston, TX 77056
grayreed.com | Connect with me on LinkedIn

*Board Certified - Labor & Employment Law*
*Texas Board of Legal Specialization*



CONFIDENTIALITY NOTICE: This electronic transmission and any attachments constitute confidential information which is intended only for the named recipient(s) and may be legally privileged. If you have received this communication in error, please contact the sender immediately. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication by anyone other than the named recipient(s) is strictly prohibited.

> On Aug 24, 2021, at 8:39 PM, Michael Moates <MMOATES@my.lonestar.edu> wrote:

> With respect Stephen, do what you gotta do. You do not intimadate me.

> Let me be clear... you can do whatever you want with a counterclaim... but in the event of a breach, you get this "If Student breaches any term in this Agreement, then LSC shall not reimburse Student as described in Paragraph 4. If LSC has already reimbursed Student as described in Paragraph 4 when Student breaches this Agreement, Student shall return the Reimbursement Amount, less One Dollar ($1.00), to LSC within five (5) business days of LSC's request for the same. LSC reserves the right, and does not waive, to recover any and all other damages allowed by law or in equity."

> But it will be a moral issue for your client. I will go to the press, I will file with the Dept of Ed, Dept of Justice, THECB, and speak to the board... and there will be nothing you can do about it. "Nothing in this Agreement shall be construed to restrict or prevent Student from filing a charge or complaint with any state or federal administrative agency or from participating in an investigation or proceeding conducted by such administrative agency." "Such institution, participation or cooperation by Student is expressly not considered a breach of any provision of this Agreement, including without limitation those provisions pertaining to confidentiality, non-disparagement, or cooperation."

I will reach out to the ACLU. I am prepared to fight you all the way to the Supreme Court. So think about if you want to set precdent and go on record as abusing, harassing, and violating a students civil rights.

So respectfully bring it on... its interesting you say this today because while I have not responded yet, I had a reporter email me today that I had emailed prior to our agreement asking if I would tell him my story. "Nothing in this Agreement is intended to interfere with Student's rights under federal, state or local civil rights or fair educational practice laws to institute a charge of discrimination, participate in any such agency proceeding, or cooperate in an investigation by any such agency".

**"Nothing in this Agreement is intended to interfere with Student's rights under federal, state or local civil rights"  - Guess what that means press covered under 1A, federal or state stuatues. Your language was overly broad. You say I am allowed to institute a "charge of discrimination" and I am going to do just that with every person who wants to listen.**

Now, I can go out gracefully, or I can go out fighting your choice. Your move.

---

**From:** Stephen Quezada <squezada@grayreed.com>
**Sent:** Tuesday, August 24, 2021 8:16 PM
**To:** Michael Moates <MMOATES@my.lonestar.edu>
**Cc:** Copeland, Beverly <Beverly.M.Copeland@lonestar.edu>; Molina, Nancy <Nancy.M.Molina@lonestar.edu>; Thomas, Leslieann <Leslieann.Thomas@lonestar.edu>; LSC-VDAC <LSC-VDAC@lonestar.edu>; Guevara, Alicia <Alicia.Guevara@lonestar.edu>; Allen, Christopher <Christopher.A.Allen@lonestar.edu>; Office of the Chancellor <Chancellor@lonestar.edu>; Head, Steve <Steve.Head@lonestar.edu>; michaelsmoates@gmail.com <michaelsmoates@gmail.com>
**Subject:** Re: [EXTERNAL] Re: READ FIRST, SORRY

Michael -

Nothing in your below email changes my client's position.

If you proceed with a new lawsuit, Lone Star will counterclaim for breach of contract and seek its fees.

Unlike the prior lawsuit, you won't be able to simply dismiss a lawsuit in which Lone Star has asserted a counterclaim.

Regards,

Stephen

**Stephen Quezada**
**Counsel**
Tel 713.986.7215 | Fax 713.730.5985 | squezada@grayreed.com

1300 Post Oak Blvd., Suite 2000 | Houston, TX 77056
grayreed.com | Connect with me on LinkedIn

*Board Certified - Labor & Employment Law*
*Texas Board of Legal Specialization*
<logo_a83735f8-80ca-4a7b-81ad-3201a2d49899.jpg>

CONFIDENTIALITY NOTICE: This electronic transmission and any attachments constitute confidential information which is
intended only for the named recipient(s) and may be legally privileged. If you have received this communication in error, please
contact the sender immediately. Any disclosure, copying, distribution or the taking of any action concerning the contents of
this communication by anyone other than the named recipient(s) is strictly prohibited.

On Aug 24, 2021, at 4:02 PM, Michael Moates
<MMOATES@my.lonestar.edu> wrote:

I understand but I want to be clear on a couple of things:

1. I am not signing the stipulation until this is resolved.
2. I will be talking to the Board of Trustees again
3. We are beyond an informal complaint as no one has responded
4. I will file both a grade appeal and a civil rights complaint later today
5. If we can?t get this handled by the deadline I will refile my litigation, a new complaint with OCR, and THECB, and DOJ.
6. Once I file in court I will not be negotiating. We either handle this now or we go to court.
7. If we go to court I will seek to have Stephen disqualified as he is a potential witness in my case.
8. I will go to the media.
9. The new lawsuit will list the professor, the college, the DS counselor and ED, and the chair, dean, and VP.

Note I have attempted to communicate with the chair multiple times and he has never responded to me. This is a violation of LSC policy.

I am again informally asking the professor one more time… are you going to grade my submission?

DS: are you really requiring me to release diagnostic information to a professor who doesn't have a need to know?

It's important to note that the submission does not change the educational competencies because I can still sure that I'm confident in what is needed. The fact that disability services refused to call me back or communicate with me as a big problem.

The board of trustees asked for an update last time from Dr. Head, I plan to go back and let them know that you require me to release information to a professor about my diagnosed disability that she is not entitled to.

Also if we go to court I will bring up the fact that Lonestar College make no attempts to give me accommodations for my assignments. To the contrary they only addressed tests. That is not in compliance with the law.

My offer to resolve this expires on Friday. At which time I will begin preparing litigation. You can expect the formal complaints tomorrow unless the professor and I can resolve this.

Michael Moates, MA, QMHP-T, RBT, CPI
Doctor of Education Student, Fielding Graduate University

**From:** Stephen Quezada <squezada@grayreed.com>
**Sent:** Tuesday, August 24, 2021 3:47 PM
**To:** Michael Moates <MMOATES@my.lonestar.edu>; Copeland, Beverly <Beverly.M.Copeland@lonestar.edu>
**Cc:** Molina, Nancy <Nancy.M.Molina@lonestar.edu>; Thomas, Leslieann <Leslieann.Thomas@lonestar.edu>; LSC-VDAC <LSC-VDAC@lonestar.edu>; Guevara, Alicia <Alicia.Guevara@lonestar.edu>
**Subject:** RE: READ FIRST, SORRY

Michael,

At bottom, your issue with the outcome of your course is not one that I can help you with. If you do not agree with the grade, you need to follow LSC procedures for disputing it.

Regards,

Stephen


Stephen Quezada
**Counsel**
Tel 713.986.7215 | Fax 713.730.5985 | squezada@grayreed.com
1300 Post Oak Blvd., Suite 2000 | Houston, TX 77056
grayreed.com | Connect with me on LinkedIn

*Board Certified - Labor & Employment Law*
*Texas Board of Legal Specialization*
<logo_a83735f8-80ca-4a7b-81ad-3201a2d49899.jpg>

**CONFIDENTIALITY NOTICE:** This electronic transmission and any attachments constitute confidential information which is
intended only for the named recipient(s) and may be legally privileged. If you have received this communication in error, please
contact the sender immediately. Any disclosure, copying, distribution or the taking of any action concerning the contents of
this communication by anyone other than the named recipient(s) is strictly prohibited.

**From:** Michael Moates <MMOATES@my.lonestar.edu>
**Sent:** Sunday, August 22, 2021 2:56 PM
**To:** Copeland, Beverly <Beverly.M.Copeland@lonestar.edu>
**Cc:** Molina, Nancy <Nancy.M.Molina@lonestar.edu>; Thomas, Leslieann <Leslieann.Thomas@lonestar.edu>; LSC-VDAC <LSC-VDAC@lonestar.edu>; Guevara, Alicia <Alicia.Guevara@lonestar.edu>; Stephen Quezada <squezada@grayreed.com>
**Subject:** [EXTERNAL] READ FIRST, SORRY

Hello all,

I wanted to send this email to you from the professor.

She says she "stand ready to work" disability services on this assignment for me.

I would like to resubmit the asignment as an example rather than my personal food choices. To be frank, food intake is diagnostic to my eating disorder and I am not comfortable sharing that. I requested accomdations in writing prior to the deadline through DS and the attorney.

I felt in this situation, it was better to be honest, than lie and submit something that was not accurate.

I did notify Counselor Quezada that I had concerns about this prior to the deadline. I called disability services prior to the deadline as well... but from there on I choose to respect Counselor Quezada's request that I communicate directly with him. I brought this issue up multiple times.

To show I am comptent and knew how to do this assignment, I have attached the sample I am requesting the professor grade.

If someone will tell her this is part of my disability and diagnostic criteria I would greatly appreciate it. I sent links before to show this.

Also, the DSM 5 directly states that food intake is essential to diagnosis. The professor used the same words... tracking food intake.

This assignment 0 is a two letter grade change for me. Right now I sit at a 79.3 and even if she gave me 12/20 points on this assignment I would have an A. Furthermore, in the first instance I submitted 95% of the assignment.

Also, I was a bit confused, she said "Where are your food entries? Please go back and read the instructions and look at the example provided" which led me to believe I would be allowed to submit this for regrading... why would one go back and look at the instructions/examples if the professor is not willing to regrade?

Please lets resolve this. I would much rather end on a high note. This is my last class.

---

**From:** Michael <michaelsmoates@gmail.com>
**Sent:** Sunday, August 22, 2021 12:54 PM
**To:** Michael Moates <MMOATES@my.lonestar.edu>
**Subject:** Fwd: Request

---------- Forwarded message ---------
From: **Copeland, Beverly** <Beverly.M.Copeland@lonestar.edu>
Date: Sun, Aug 22, 2021 at 11:40 AM
Subject: Re: Request
To: Michael Moates <michaelsmoates@gmail.com>

D
Dear Michael,

I, at this moment, acknowledge your email and my phone conversation with you on Saturday, August 21st. In that conversation, you inquired why you had gotten zero on your project.
You mentioned that you had an eating disorder and did not feel comfortable recording the foods eaten. You indicated that you communicated with Disability Services about the project and that they were to have reached out to me about your accommodations. I informed you that I had not received any communications from

Disability Services on your behalf.

Regarding my grade of Zero for your project:
Your project did not follow the instructions or example provided.
Instructions for the project: Complete a total food record of all foods and beverages eaten over three days. Your intake must include three consecutive days, which should consist of only **one** weekend day. (E.g., Thursday, Friday, Saturday or Sunday, Monday Tuesday) Portion sizes and amounts must be a part of the recorded intake. Calculate all calories, proteins, carbohydrates, fat, iron, calcium, fiber, sodium, and phosphorous from daily meals and show a record of this separately for each day. Then give an average intake of calories and the energy nutrients (carbohydrate, fat, and Protein) eaten over the three days. You may use the USDA website for the nutrient content of the food.  https://fdc.nal.usda.gov/.

The instructions for the project were not followed. Only the words Breakfast, Lunch, and Dinner and the number of calories were reported, omitting the pivotal and essential listing of food items for analysis. I cannot determine your level of understanding of the content material, as the requirement for the project was not met.
The project was not given for the instructor to be critical of your daily intake but to gauge your understanding of the material and give you an insight into your daily intake and for you to assess where you are according to recommended standards.
In my years of teaching this course, I have seen many students benefitting from this assignment. They can see what they are consuming, measure it against the information they have learned from the class, and make adjustments in their eating if necessary.

I am sorry, with not food entry, I was not able to grade your project. There was nothing to grade.

In my conversation with you, I informed you of my fair grading practice, not treating one student differently over another. I have advised you to go back to Disability Services about the communications you indicated that you've sent to them. I am willing through this medium to find a resolution if it was duly reported that accommodation should have been made for you in such a case.

I have not received any notice from Disability Services and stand ready to work with them should they determine an alternative solution for your grading is necessary.

Thanks for your understanding over the communications from
Disability Services
Regards

**From:** Michael Moates <michaelsmoates@gmail.com>
**Sent:** Sunday, August 22, 2021 1:10 AM
**To:** Copeland, Beverly <Beverly.M.Copeland@lonestar.edu>
**Subject:** Request

> CAUTION: This email originated from outside of Lone Star College. Do not click links
> or open attachments unless you recognize the sender and know the content is safe.

Dr. Copeland,

I wanted to make one final attempt and see if you would except a
revision for me for grading. A couple of things I hope you will
consider, I notified the college of my concerns about this project and
the anxiety I faced behind it, I could've lied and made up a fake chart
but I wanted to benefit from this and so I used it as an opportunity to
actually put my information in. To be honest it feels like being
penalized for not lying. I am competent in this area and I can show
you that if you will allow me. I did all of the calculations you asked
for. I was just humiliated to list the foods I eat due to my eating
disorder.

Will you please allow me to submit a sample log for full grading?

I know you mentioned the late policy, what I would say to that is it's
not late and I did turn in the assignment. I felt like I had a lack of
direction from disability services and the college.

Sent from my iPhone

**Michael Moates, MA, QMHP-T, RBT, CPI**
*Doctor of Education Student | Fielding Graduate University*
*Senior Member, Civil Air Patrol, US Air Force Auxiliary*
*State of Texas Commissioned Notary Public*
*(817) 999-7534 | mmoates@email.fielding.edu*

**"Yesterday is not ours to recover but tomorrow is ours to win or
lose." - President Lyndon B. Johnson**

**"When I was a baby child, good and bad was just a game, many
years and many triumphs, they proved to me they not the same"**

--

**Michael Moates, RBT, CPI**
*Doctor of Education Student | Fielding Graduate University*
*Master of Arts in Interdisciplinary Studies Student | Liberty University*
*Senior Member, Civil Air Patrol, US Air Force Auxiliary*
*State of Texas Commissioned Notary Public*
*(817) 999-7534 | mmoates@email.fielding.edu*

*"Yesterday is not ours to recover but tomorrow is ours to win or lose." - President Lyndon B. Johnson*

"When I was a baby child, good and bad was just a game, many years and many triumphs, they proved to me they not the same"

To Whom It May Concern:

We are here today so that I can document the following problems and seek a resolution:

Violation of the Americans with Disability Act
Violation of Section 504 of the Rehabilitation Act of 1973
Violation of the First Amendment of the United States Constitution
Violation of Article 1 Section 3 of the Texas Constitution
Violation of Article 1 Section 19 of the Texas Constitution
Violation of the Family Educational and Privacy Rights Act - 20 U.S. Code § 1232
Intentional Infliction of Emotional Distress
Mathematical Error in Calculation of Grade
Deviation from LSC Policy Manual, Section VI.D.10
Deviation from LSC Policy Manual, Section II.E.1.02
Deviation from LSC Policy Manual, Section VI.D.11
Deviation from LSC Policy Manual, Section VI.D.12
Deviation from LSC Policy Manual, VI.D.11.05.
Deviation from the Course Syllabus

1. On 15 July 2021, I started a class with Dr. Beverly Copeland. The class was BIOL 1332 Nutrition.

2. On 20 July 2021, Dr. Copeland was notified of my disability by Leslieann Thomas. She was also informed "The student's disability-related information, including affiliation with our office, is considered protected information under FERPA and should not be shared with anyone unless there is an educational need to know."

3. Prior to an assignment being due, I noticed that there was a requirement for information that was protected by law because it was directly related to the diagnosis of my eating disorder. The professor wanted a food log.

4. Given the concerns I had, I reached out to Disability Services nine times with no answer and no call back.

See below

| Date / Time | | Contact ▲ | Location | Call Type | Minutes | Charge ($) |
|---|---|---|---|---|---|---|
| 07/15/2021 | 02:59PM | 📞 832.813.6552 | Spring, TX | SDDV | 1 | 0.00 |
| 07/22/2021 | 02:45PM | 📞 832.813.6552 | Spring, TX | SDDV | 1 | 0.00 |

| Date / Time | | Contact ▼ | Location | Call Type | Minutes | Charge ($) |
|---|---|---|---|---|---|---|
| 07/22/2021 | 03:24PM | 📞 832.813.6614 | Spring, TX | SDDV | 1 | 0.00 |

| Date / Time | | Contact ▲ | Location | Call Type | Minutes | Charge ($) |
|---|---|---|---|---|---|---|
| 07/15/2021 | 03:00PM | 📞 281.290.3738 | Tomball, TX | SDDV | 1 | 0.00 |
| 07/19/2021 | 01:25PM | 📞 281.290.3738 | Tomball, TX | SDDV | 1 | 0.00 |
| 07/19/2021 | 02:18PM | 📞 281.290.3738 | Tomball, TX | SDDV | 1 | 0.00 |

| Date / Time | | Contact ▼ | Location | Call Type | Minutes | Charge ($) |
|---|---|---|---|---|---|---|
| 07/28/2021 | 11:04AM | 📞 281.290.3738 | Tomball, TX | SDDV | 1 | 0.00 |
| 07/27/2021 | 03:18PM | 📞 281.290.3738 | Tomball, TX | SDDV | 1 | 0.00 |

5. On 2 August 2021, I had a phone conversation with a member of the general counsel's team, Nancy Molina, and I expressed to her at that time all my concerns including the food log issue. I have a recording of the call.

6. After 9 calls and 1 conversation with Mrs. Molina I had no resolution to my problem. So, I submitted the assignment without information that would identify my disability. This was on 6 August, and I initially brought this up or rather attempted on 15 July. I also notified Lone Star colleges outside counsel.

7. The assignment became due on 6 August. To protect myself I have a record showing that I documented my history, meals, and exercise prior to the deadline. I removed the meals and number of portions. Also, so that the professor new what time of day it was I labeled them.



I am prepared to refile in court over this and at the bare minimum, I have a strong case of trying to get help from disability services and being ignored, plus the recording of my conversation with Mrs. Molina, and my notification to outside counsel.

Please let me know by the end of business on 25 July if you wish to correct these actions or if I should pursue a civil rights complaint and a grade change appeal.

Please see the following academic sources that show food intake, portions, time eating, how much per time eating, etc is all information that is used to diagnose a eating disorder.

https://www.cci.health.wa.gov.au/~/media/CCI/Consumer-Modules/Overcoming-Disordered-Eating---Part-A/Overcoming-Disordered-Eating---04---Self-monitoring.pdf

https://www.verywellmind.com/eating-disorders-self-monitoring-1138367

https://www.verywellmind.com/apps-and-eating-disorders-the-good-and-the-bad-3878432

https://tapestrync.com/resources/eating-disorder-recovery-meal-plan/

Pollert, G. A., Engel, S. G., Schreiber-Gregory, D. N., Crosby, R. D., Cao, L., Wonderlich, S. A., Tanofsky-Kraff, M., & Mitchell, J. E. (2013). The role of eating and emotion in binge eating disorder and loss of control eating. *The International Journal of Eating Disorders, 46*(3), 233-238. https://doi.org/10.1002/eat.22061

Shultes, A. (2013, ). No magic formula, but plenty of support for disordered eating.*University Wire*

*Susan Stevens Daily Herald Health Writer. (2007, ). A 4,000-calorie after-dinner snack binge eating is the most common eating disorder in the united states. conquering it requires learning a new relationship to food: All edition. Daily Herald (Arlington Heights, Ill. : Arlington Heights Ed.)*

*Sadeh-Sharvit, S., Kim, J. P., Darcy, A. M., Neri, E., Vierhile, M., Robinson, A., Tregarthen, J., & Lock, J. D. (2018). Subgrouping the users of a specialized app for eating disorders. Eating Disorders, 26*(4), 361-372. *https://doi.org/10.1080/10640266.2018.1440043*

Michael Moates, MA, QMHP-T, RBT, CPI

| | |
|---|---|
| **From:** | Molina, Nancy |
| **To:** | Stephen Quezada |
| **Subject:** | [EXTERNAL] Fwd: This is my final email |
| **Date:** | Thursday, August 26, 2021 4:14:35 PM |

Regards,
Nancy

Begin forwarded message:

> **From:** Michael <michaelsmoates@gmail.com>
> **Date:** August 26, 2021 at 4:09:13 PM CDT
> **To:** "Head, Steve" <Steve.Head@lonestar.edu>, "Molina, Nancy"
> <Nancy.M.Molina@lonestar.edu>, Office of the Chancellor
> <Chancellor@lonestar.edu>, "Castillo, Mario" <Mario.K.Castillo@lonestar.edu>,
> "Probasco, Deseree" <deseree@lonestar.edu>
> **Subject: This is my final email**

> **CAUTION:** This email originated from outside of Lone Star College. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Covered under Rule 408
The following demands will be met by end of business today-
LSC will acknowledge the final grade of B is a factual representation of the contract
LSC will ask Stephen Q to not contact me any further
LSC will apologize for comments made by Stephen Q
LSC will agree to send my check to my current address

If not,

I will file a new lawsuit in court for new claims.
I will argue that there were misrepresentations made in email and in the first contract.
I will argue LSC gave broad language in the first contract that is unenforceable.
I will fight the grade of B which should have been an A.
I will share with the Board of Trustees what kind of statements the Chancellor is authorizing LSC representatives to make
I will share with the media all of the agreements and emails... or suggest that they file a PIA request for the email communications. I will share with them comments made by LSC representatives.
I will post on Facebook and other social media sites the kind of action you are taking.
I will share that LSC attempted to violate the first amendment by having its representatives tell me I could no longer communicate with the college.
I will file a complaint with OCR - Department of ED

I will file a complaint with OCR - Department of Justice
I will file a complaint with Texas Higher Education Coordinating Board
I will file a complaint with Accreditation Board
I will file a complaint with Texas Bar Association
I will publicize my calls with Mrs. Molina.
I will publicize all emails and calls with Disability Services and professors.
I will file a complaint with Attorney General Consumer Complaint
I will send certified letters to Ken Paxton, Greg Abbott, and Merrick Garland
I will contact representatives of Congress
I will appeal all the way to the Supreme Court of the United States.

You will be in the public eye, exposed, investigated, etc. This is not a threat, it is a
promise. I will not be bullied, disrespected, or discriminated against. I will take
everything in my power to publicize each and everyone of you.

You have until the end of business today to initiate contact regarding this issue
but not from Steve Q.


Deseree, Please pass this on to the Board.


--
## Michael Moates, MA, QMHP-T, RBT, CPI
*Doctor of Education Student | Fielding Graduate University*
*Senior Member, Civil Air Patrol, US Air Force Auxiliary*
*State of Texas Commissioned Notary Public*
*(817) 999-7534 | mmoates@email.fielding.edu*


*"Yesterday is not ours to recover but tomorrow is ours to win or
lose." - President Lyndon B. Johnson*

**"When I was a baby child, good and bad was just a game, many years and
many triumphs, they proved to me they not the same"**

| | |
|---|---|
| **From:** | Michael Moates |
| **To:** | Stephen Quezada |
| **Cc:** | Molina, Nancy |
| **Subject:** | Re: [EXTERNAL] Re: SA |
| **Date:** | Wednesday, August 25, 2021 11:30:46 AM |
| **Attachments:** | image001.jpg |

I disagree and won't sign that agreement until it's confirmed that's my final grade.

So there are two options here:

You can add to the contract that it is signed with the facts as the stand now or you can at least represent to me that that grade is intentional by the professor and expected to stay.

Sent from my iPhone

**Michael Moates, RBT, CPI**
*Doctor of Education Student | Fielding Graduate University*
*Master of Arts in Interdisciplinary Studies Student | Liberty University*
*Senior Member, Civil Air Patrol, US Air Force Auxiliary*
*State of Texas Commissioned Notary Public*
*(817) 999-7534 | mmoates@email.fielding.edu*

*"Yesterday is not ours to recover but tomorrow is ours to win or lose." – President Lyndon B. Johnson*

**"When I was a baby child, good and bad was just a game, many years and many triumphs, they proved to me they not the same"**


On Aug 25, 2021, at 11:27 AM, Stephen Quezada <squezada@grayreed.com> wrote:


Michael –

The grade is what it is. We cannot make any representation regarding a course outcome.

Thanks,

Stephen


**From:** Michael <michaelsmoates@gmail.com>
**Sent:** Wednesday, August 25, 2021 11:09 AM
**To:** Stephen Quezada <squezada@grayreed.com>

**Cc:** Molina, Nancy <nancy.m.molina@lonestar.edu>
**Subject:** Fwd: [EXTERNAL] Re: SA

I understand you cannot confirm. Someone will need to. If the agreement says the release of all claims, the agreement is being signed under the facts as they stand now.

Nancy?
---------- Forwarded message ---------
From: **Stephen Quezada** <squezada@grayreed.com>
Date: Wed, Aug 25, 2021 at 11:05 AM
Subject: RE: [EXTERNAL] Re: SA
To: Michael <michaelsmoates@gmail.com>

Michael –

The grade is what it currently is on the transcript. According to you, that is a B. I have not seen any scores other than what you have sent me. I have not seen the transcript.

Again, I have no involvement with a course outcome and am making no representation about that. I also have no information about whether the B would somehow change.

**From:** Michael <michaelsmoates@gmail.com>
**Sent:** Wednesday, August 25, 2021 10:57 AM
**To:** Stephen Quezada <squezada@grayreed.com>
**Subject:** Re: [EXTERNAL] Re: SA

- To be clear, the B is a key point of me signing the second agreement. I need some sort of confirmation before I sign. Nancy?

After I get this I'm prepared to sign.

On Wed, Aug 25, 2021 at 10:54 AM Stephen Quezada <squezada@grayreed.com> wrote:

Michael –

I have no ability or authority to effect or change the outcome of a course.

Provided you execute the second agreement, we will mail the check to you.

Please provide the address where you would like the check to be mailed, and I will have it sent to that address.

Thanks.

**From:** Michael <michaelsmoates@gmail.com>
**Sent:** Wednesday, August 25, 2021 10:50 AM
**To:** Stephen Quezada <squezada@grayreed.com>
**Cc:** Office of the Chancellor <Chancellor@lonestar.edu>; Head, Steve
<Steve.Head@lonestar.edu>; Molina, Nancy <Nancy.M.Molina@lonestar.edu>;
Castillo, Mario <Mario.K.Castillo@lonestar.edu>
**Subject:** Re: [EXTERNAL] Re: SA

Perfect. Two final questions.

Is the B going to stand?
How and when will I be refunded once the second agreement is signed? (if
physical check will likely need to update address)

On Wed, Aug 25, 2021 at 10:27 AM Stephen Quezada
<squezada@grayreed.com> wrote:

> Michael -
>
> Please try again. Thanks.
>
>
> **Stephen Quezada**
> **Counsel**
> Tel 713.986.7215 | Fax 713.730.5985 | squezada@grayreed.com
> 1300 Post Oak Blvd., Suite 2000 | Houston, TX 77056 ·
> grayreed.com | Connect with me on LinkedIn
>
> ***Board Certified - Labor & Employment Law***
> ***Texas Board of Legal Specialization***



CONFIDENTIALITY NOTICE: This electronic transmission and any attachments constitute confidential information which is
intended only for the named recipient(s) and may be legally privileged. If you have received this communication in error, please
contact the sender immediately. Any disclosure, copying, distribution or the taking of any action concerning the contents of
this communication by anyone other than the named recipient(s) is strictly prohibited.

> On Aug 25, 2021, at 10:05 AM, Michael
> <michaelsmoates@gmail.com> wrote:
>
>
> The technical term is a "hold." They typically use these to
> prevent someone from registering for missing transcripts, aid
> hold, etc.... and I think the purpose was to stop me from
> registering going forward per our agreement... but it also
> prevents me from requesting my transcript.

On Wed, Aug 25, 2021 at 10:03 AM Stephen Quezada
<squezada@grayreed.com> wrote:

> I will look into this. I know of no "block."
>
> How did you come to the understanding about a "block" being
> placed on your account?
>
> **Stephen Quezada**
> **Counsel**
> Tel 713.986.7215 | Fax 713.730.5985 | squezada@grayreed.com
> 1300 Post Oak Blvd., Suite 2000 | Houston, TX 77056
> grayreed.com | Connect with me on LinkedIn
>
> ***Board Certified - Labor & Employment Law***
> ***Texas Board of Legal Specialization***
>
> <logo_a83735f8-80ca-4a7b-81ad-3201a2d49899.jpg>
>
> **CONFIDENTIALITY NOTICE:** This electronic transmission and any attachments constitute confidential information which is
> intended only for the named recipient(s) and may be legally privileged. If you have received this communication in error, please
> contact the sender immediately. Any disclosure, copying, distribution or the taking of any action concerning the contents of
> this communication by anyone other than the named recipient(s) is strictly prohibited.

> > On Aug 25, 2021, at 9:59 AM, Michael
> > <michaelsmoates@gmail.com> wrote:

> > I cannot. See the attachment.
> >
> > My understanding is the dean of admissions at UP
> > under the direction of VPSS K. Sanchez put a
> > block on my account. It is still there. See second
> > attachment.
> >
> > Again, I presume this was to block me from
> > registering but it blocks me from getting
> > transcripts as I need them.
> >
> > If the B stands, the transcripts are sent today
> > (block released), and I am not blocked in the
> > future. I will sign the second agreement. Also if
> > that administrative hold is not on my transcripts
> > that are sent out.
> >
> > On Wed, Aug 25, 2021 at 9:51 AM Stephen
> > Quezada <squezada@grayreed.com> wrote:

Michael -

You can request your transcript(s) in the normal manner and your request will be processed in the normal course of business. Please let me know if you have a problem making the request.

Regards,

Stephen

**Stephen Quezada**
**Counsel**
Tel 713.986.7215 | Fax 713.730.5985 |
squezada@grayreed.com
1300 Post Oak Blvd., Suite 2000 | Houston, TX 77056
grayreed.com | Connect with me on LinkedIn

*Board Certified - Labor & Employment Law*
*Texas Board of Legal Specialization*

<logo_a83735f8-80ca-4a7b-81ad-3201a2d49899.jpg>

CONFIDENTIALITY NOTICE: This electronic transmission and any attachments constitute confidential information which is intended only for the named recipient(s) and may be legally privileged. If you have received this communication in error, please contact the sender immediately. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication by anyone other than the named recipient(s) is strictly prohibited.

On Aug 25, 2021, at 9:07 AM, Michael <michaelsmoates@gmail.com> wrote:

There is no reason I should not be able to order my transcript like every other student. Part of the agreement was that I would not be coded in a way that made it appear I had issues at this school.

I don't have time to wait on this... if I dont get to start fall classes because this takes too long... supposed to have by the end of

today... that will be one more claim and thing to tell the board. Typically you, request a transcript it gets sent. This is just one more way the college is discriminating against me for asserting my rights to accommodations. More and more retaliation.

It is absurd I am being blocked from getting my own record and getting it sent. You guys have billed me and now I'm being told I won't be refunded until the End of September.

On Wed, Aug 25, 2021 at 8:36 AM Molina, Nancy <Nancy.M.Molina@lonestar.edu> wrote:

Michael:

This responds to your 10:02 p.m. email thread, your 12:08 a.m. email below, your 8:14 a.m. phone call, and your 8:18 a.m. email.

Stephen Quezada represents the College in this matter—I am copying him on this email so you can address with him the below.

The College will send a final transcript, as requested, to your last known address, and send your transcript to whichever institution you indicate.

Regards,
Nancy

**From:** Michael Moates <michaelsmoates@gmail.com>
**Sent:** Wednesday, August 25, 2021 12:07 AM
**To:** Molina, Nancy <Nancy.M.Molina@lonestar.edu>

**Cc:** Castillo, Mario
<Mario.K.Castillo@lonestar.edu>;
Head, Steve
<Steve.Head@lonestar.edu>;
Office of the Chancellor
<Chancellor@lonestar.edu>
**Subject:** SA

Mrs. Molina,

I am sending you this email as a
courtesy. I will accept the B if
the following conditions are met:

1st - Stephen will not contact me
again. If he does I will not sign
the agreement. Furthermore, I
will consider it harassment and
file a police report. This is not a
request it is a formal
notification.
2nd - I am going to speak to the
Board next month and you are
saying that is acceptable. I am
going to let them know of how
this last 24 hours transpired.
How you almost came into
litigation because he threatened
me.
3rd - After the agreement is
signed. I will be permitted to
leave with no disparagement
from the college about me.
4th - I will get the full payment
as agreed to.
5th - The W will be marked with
cause as agreed.

This is a god-send for you guys.
Because he has treated me
poorly. But I am not going to
punish the college for his
childish threats.

Let me know if this is acceptable
to you.

This is a settlement offer under
Rule 408.

Offer expires end of business 25
August 2021.
Michael Moates, MA, QMHP-T,
RBT, CPI
Doctor of Education Student | Fielding
Graduate University
Senior Member, Civil Air Patrol, US Air
Force Auxiliary
State of Texas Commissioned Notary
Public
(817) 999-7534
| mmoates@email.fielding.edu

*LG  TQ Safe Zone*
ACADEMIC Freedom Advocate

--
## Michael Moates, RBT, CPI

*Doctor of Education Student | Fielding Graduate*
*University*
*Master of Arts in Interdisciplinary Studies Student |*
*Liberty University*
*Senior Member, Civil Air Patrol, US Air*
*Force Auxiliary*
*State of Texas Commissioned Notary Public*
*(817) 999-7534 | mmoates@email.fielding.edu*

*"Yesterday is not ours to*
*recover but tomorrow is ours*
*to win or lose." - President*
*Lyndon B. Johnson*

"When I was a baby child, good
and bad was just a game, many
years and many triumphs, they
proved to me they not the same"

--
## Michael Moates, RBT, CPI

*Doctor of Education Student | Fielding Graduate University*
*Master of Arts in Interdisciplinary Studies Student | Liberty University*
*Senior Member, Civil Air Patrol, US Air Force Auxiliary*
*State of Texas Commissioned Notary Public*
*(817) 999-7534 | mmoates@email.fielding.edu*

*"Yesterday is not ours to recover but*
*tomorrow is ours to win or lose." -*
*President Lyndon B. Johnson*

"When I was a baby child, good and bad was
just a game, many years and many triumphs,
they proved to me they not the same"
<Screen Shot 2021-08-25 at 9.55.01 AM.png>
<Screen Shot 2021-08-25 at 9.56.28 AM.png>

--

## Michael Moates, RBT, CPI

*Doctor of Education Student | Fielding Graduate University*
*Master of Arts in Interdisciplinary Studies Student | Liberty University*
*Senior Member, Civil Air Patrol, US Air Force Auxiliary*
*State of Texas Commissioned Notary Public*
*(817) 999-7534 | mmoates@email.fielding.edu*

*"Yesterday is not ours to recover but tomorrow is ours
to win or lose." - President Lyndon B. Johnson*

"When I was a baby child, good and bad was just a game,
many years and many triumphs, they proved to me they not
the same"

--

## Michael Moates, RBT, CPI

*Doctor of Education Student | Fielding Graduate University*
*Master of Arts in Interdisciplinary Studies Student | Liberty University*
*Senior Member, Civil Air Patrol, US Air Force Auxiliary*
*State of Texas Commissioned Notary Public*
*(817) 999-7534 | mmoates@email.fielding.edu*

*"Yesterday is not ours to recover but tomorrow is ours to win or
lose." - President Lyndon B. Johnson*

"When I was a baby child, good and bad was just a game, many years and
many triumphs, they proved to me they not the same"

--

## Michael Moates, RBT, CPI

*Doctor of Education Student | Fielding Graduate University*
*Master of Arts in Interdisciplinary Studies Student | Liberty University*
*Senior Member, Civil Air Patrol, US Air Force Auxiliary*
*State of Texas Commissioned Notary Public*
*(817) 999-7534 | mmoates@email.fielding.edu*

*"Yesterday is not ours to recover but tomorrow is ours to win or
lose." - President Lyndon B. Johnson*

"When I was a baby child, good and bad was just a game, many years and
many triumphs, they proved to me they not the same"

--

**Michael Moates, RBT, CPI**
*Doctor of Education Student | Fielding Graduate University*
*Master of Arts in Interdisciplinary Studies Student | Liberty University*
*Senior Member, Civil Air Patrol, US Air Force Auxiliary*
*State of Texas Commissioned Notary Public*
*(817) 999-7534 | mmoates@email.fielding.edu*

*"Yesterday is not ours to recover but tomorrow is ours to win or lose." - President Lyndon B. Johnson*

"When I was a baby child, good and bad was just a game, many years and many triumphs, they proved to me they not the same"



# UNITED STATES DEPARTMENT OF EDUCATION
OFFICE FOR CIVIL RIGHTS

1999 BRYAN ST., SUITE 1620
DALLAS, TX 75201-6810

REGION VI
ARKANSAS
LOUISIANA
MISSISSIPPI
TEXAS

June 14, 2016

Ref:  OCR Docket # 06162099

Dr. Stephen C. Head, Chancellor
Lone Star College System
5000 Research Forest Drive
The Woodlands, TX

Dear Dr. Head:

This letter is to notify you that the U.S. Department of Education (Department), Office for Civil Rights (OCR), Dallas Office, received a complaint filed against Lone Star College System (LSCS), The Woodlands, Texas, on January 12, 2016.  The Complainant alleged that LSCS discriminated against him on the basis of disability and subjected him to retaliation.  Specifically, the Complainant alleged the following:

1.  LSCS discriminated against him based on disability during the 2015 fall semester when LSCS failed to timely implement his academic adjustments; and

2.  LCSC subjected him to retaliation during the 2015 fall semester when the disability services implemented "random" academic adjustments that did not serve his disability, without prior discussion with him.

OCR is responsible for determining whether entities that receive or benefit from federal financial assistance from the Department, or an agency that has delegated investigative authority to the Department, are in compliance with Section 504 of the Rehabilitation Act of 1973 (Section 504), 29 U.S.C. §794 (amended 1992), and its implementing regulation at 34 C.F.R. Part 104, which prohibits discrimination on the basis of disability.  OCR also enforces Title II of the Americans with Disabilities Act of 1990 (Title II), 42 U.S.C. §12132, and its implementing regulation at 28 C.F.R. Part 35.  Under Title II, OCR has jurisdiction over complaints alleging discrimination on the basis of disability that are filed against public entities.

LSCS is a recipient of federal financial assistance from the Department and is a public entity.  Therefore, OCR has jurisdictional authority to process this complaint for resolution under Section 504 and Title II.

Because OCR has determined that it has jurisdiction, it is opening the Complainant's allegations for investigation.  Please note that opening this complaint for investigation in

*The Department of Education's mission is to promote student achievement and preparation for global competitiveness by fostering educational excellence and ensuring equal access.*

www.ed.gov

no way implies that OCR has made a determination with regard to its merit. During the investigation, OCR is a neutral fact-finder, collecting and analyzing relevant evidence from the Complainant, the recipient, and other sources, as appropriate. OCR will ensure that its investigation is legally sufficient and is dispositive of the allegations, in accordance with the provisions of OCR's *Case Processing Manual*.

Based on the Complainant's allegations, OCR will investigate the following legal issues:

1. Whether LSCS failed to make such modifications to its academic requirements as are necessary to ensure that such requirements do not discriminate or have the effect of discriminating, on the basis of disability, against a qualified disabled student, by failing to provide the Complainant with necessary academic adjustments and/or auxiliary aids (i.e., extended time) during the 2015 fall semester, in violation of Section 504, at 34 C.F.R. § 104.44, and Title II, at 28 C.F.R. § 35.130.; and

2. Whether LSCS retaliated against the Complainant by implementing random academic adjustments that did not serve the complainant's disability, without prior discussion with the Complainant during the 2015 fall semester, because the Complainant advocated for his rights as a student with a disability during the 2015 fall semester, in violation of Section 504 and Title II, at 34 C.F.R. § 104.61, and 28 C.F.R. § 35.134, respectively.

For your information, we have enclosed OCR's Complaint Processing Procedures to provide you with an overview of our complaint evaluation and resolution process. Please note that OCR can resolve complaint allegations *before* completing an investigation in two ways: the Early Complaint Resolution (ECR) process and voluntary resolution agreements.

ECR allows the parties (the Complainant and the institution that is the subject of the complaint) an opportunity to resolve the complaint allegations quickly; generally, soon after the complaint has been opened for investigation, although ECR may take place at any time during the investigative process. If both parties are willing to try this approach, and if OCR determines that ECR is appropriate, OCR will facilitate settlement discussions between the parties and work with the parties to help them understand the legal standards and possible remedies. More information about ECR may be found in the enclosed brochure.

Complaints may also be resolved before the conclusion of an investigation if the institution that is the subject of the complaint (recipient) expresses an interest in resolving the complaint. This process is voluntary and must be requested by the recipient. The Office Director or designee must determine that it is appropriate to resolve the complaint during the course of an investigation. If the voluntary resolution process has been determined appropriate, OCR will immediately notify the Complainant of the recipient's interest in resolving the complaint and will keep the Complainant informed throughout all stages of this resolution process. The resolution agreement is negotiated between OCR

and the recipient.  The provisions of the resolution agreement will be aligned with the complaint allegations or the information obtained during the investigation, and will be consistent with applicable regulations, and a copy of the signed resolution agreement will be included with the resolution letter.  OCR will then monitor the implementation of the resolution agreement.  Please let me know if you are interested in resolving the complaint prior to the conclusion of the investigation, either through the ECR process or by entering into a voluntary resolution agreement.

Section 100.6(c) of Title 34 of the Code of Federal Regulations stipulates that each recipient of Federal financial assistance shall permit access to pertinent sources of information to responsible Department officials or designees.  Pursuant to 34 C.F.R. § 100.6(c) and 34 C.F.R. § 99.31(a)(3)(iii), of the regulations implementing the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g, OCR may review personally identifiable records without regard to considerations of privacy or confidentiality.  Enclosed is an initial data request.  <u>Please provide the requested information to OCR within 15 calendar days of the date of this letter.</u>  Please be advised that this request does not preclude OCR from requesting additional information during the course of the complaint resolution process.  After reviewing all information received, OCR will determine whether an on-site investigation is warranted.  If so, you will be contacted to arrange a mutually convenient date.

Please be advised that LSCS may not harass, coerce, intimidate, or discriminate against any individual because he or she has filed a complaint or participated in the complaint resolution process.  If this happens, the Complainant may file another complaint alleging such treatment.

Under the Freedom of Information Act, it may be necessary to release this document and related correspondence and records upon request.  In the event that OCR receives such a request, we will seek to protect, to the extent provided by law, personally identifiable information, which, if released, could reasonably be expected to constitute an unwarranted invasion of personal privacy.

I am the investigator who has been assigned to investigate this complaint.  If you have questions, you may contact at (214) 661-9607 (Tamara.Williams@ed.gov).  You may also contact my supervisor, Lori Bringas, at (214) 661-9638 (Lori.Bringas@ed.gov).  Thank you for your anticipated cooperation.

Sincerely,

Tamara L. Williams
Investigator/Equal Opportunity Specialist
Dallas Office

Enclosures

U.S. DEPARTMENT OF EDUCATION
OFFICE FOR CIVIL RIGHTS (OCR)
INITIAL DATA REQUEST

Lone Star College System (LSCS)
OCR Case No. 06162099

To help facilitate resolution of the above-referenced complaint, the Office for Civil Rights (OCR) requests that LSCS provide the following information within **15 calendar days** of the date of this letter.  For purposes of this investigation, the Complainant is identified as <u>Michael Moates</u>, a current student at LSCS.

1. The name, address, and telephone number of the individual designated by the LSCS to communicate with OCR regarding the investigation of this complaint.

2. A copy of, or internet reference to, LSCS's policies and procedures that prohibit discrimination on the basis of disability.  Please also provide a description of where the policies and procedures are published, and how and when they are disseminated to faculty and students.

3. A narrative response to the Complainant's allegations.  Please include identification of any relevant witnesses by name, position/title, and telephone number.

4. A copy of the Complainant's educational records for the 2015 fall semester.

5. A copy of LSCS's policies and procedures with regard to the provision of academic adjustments and auxiliary aids and services, including references to where the policies and procedures are located and how they are made available to students.

6. A complete copy of the Complainant's application for academic adjustments and auxiliary aids and services and any supporting documentation submitted by the Complainant.

7. The names, telephone numbers, and titles of any and all persons who participated in any determinations regarding the provision of academic adjustments and auxiliary aids and services for the Complainant.

8. A complete copy of any documents related to LSCS's response to the Complainant's application for academic adjustments and auxiliary aids and services.

9. If the Complainant was approved for academic adjustments and/or auxiliary aids and services, please provide a description of the adjustments/aids/services, a description of when and how the adjustments/aids/services were developed, copies of documents containing the adjustments/aids/services, and the names and titles of the person(s) involved in developing and responsible for implementing

the adjustments/aids/services.

10. Copies of any documentation of communications between the Complainant and LSCS (including for example, correspondence, records of telephone conversations, emails, and notes of conferences or meetings) related to the Complainant's academic adjustments and auxiliary aids and services.  If no written documentation exists, please provide a narrative of any discussions regarding these issues.

11. A copy of the syllabus and any and all relevant information issued by the professors for the classes taken by the Complainant during the 2015 fall semester.

12. A copy of any documentation and/or written communication between the LSCS and the Complainant pertaining to the allegation in this complaint, including complaints filed with LSCS and the final resolutions thereof.

13. Any other information LSCS can provide to OCR to assist us in resolving the allegation in this complaint.

**Stephen Quezada**

| | |
|---|---|
| **From:** | Michael <michaelsmoates@gmail.com> |
| **Sent:** | Thursday, August 26, 2021 9:12 PM |
| **To:** | myriam.saldivar@gmail.com; mike@houstonschoiceseniorcare.com; iesheia@hotmail.com; artmurillo@gmail.com; myriam.saldivar@house.state.tx.us; art.murillo@ridemetro.org; art.murillo@lonestar.edu |
| **Cc:** | Helen.clougherty@lonestar.edu; Probasco, Deseree; Office of the Chancellor; Head, Steve; Stephen Quezada; Molina, Nancy; Castillo, Mario |
| **Subject:** | [EXTERNAL] Press Release |
| **Attachments:** | PRESS RELEASE.pdf |

Again, I am sorry to have to email you like this. The college is refusing to give me your professional contact information as elected officials.

I have asked the college to forward you various emails about this although I am not sure you received them.

Please see the attached press release I will be sending to nearly 600 members of the media on 28 August 2021. It is my hope that we can come to a resolution before then.

It is also my intention to send this to every college president and chancellor in Texas. I will not be verbally degraded or harassed.

Nor should Fraud, Forgery, or Extortion be allowed.

I know you guys give the Chancellor a lot of leeway but I can't imagine you intended to authorize this.

Very Respectfully,

--

## Michael Moates, MA, QMHP-T, RBT, CPI
*Doctor of Education Student | Fielding Graduate University*
*Senior Member, Civil Air Patrol, US Air Force Auxiliary*
*State of Texas Commissioned Notary Public*
*(817) 999-7534 | mmoates@email.fielding.edu*

*"Yesterday is not ours to recover but tomorrow is ours to win or lose." - President Lyndon B. Johnson*

**"When I was a baby child, good and bad was just a game, many years and many triumphs, they proved to me they not the same"**

1

| | |
|---|---|
| **From:** | LoneStar - Disability Services Office (DSO) on behalf of LSC-VDAC |
| **To:** | Michael Moates gmail |
| **Cc:** | LSC-VDAC |
| **Subject:** | [DSO] Student Application Accepted |
| **Date:** | Thursday, July 15, 2021 2:51:18 PM |

**CAUTION:** This email originated from outside of Lone Star College. Do not click links or open attachments unless you recognize the sender and know the content is safe.

School Logo



Michael Moates

Thank you for submitting your information to Disability Services.
We will process your request and be in contact with you. If you have any questions or concerns please contact your Disability Service Provider at your campus location.

Name: Michael Moates

Your application was successfully submitted on Thursday, July 15, 2021 at 02:51:14 PM.

If you have not submitted your documentation, please use the following link: Upload Documentation.


http://www.lonestar.edu/disability-services.htm

Accessibility Services and Resources
System Office E-Mail Address: LSC-ASR@lonestar.edu
For campus contact information, visit our website at www.lonestar.edu/accessibility-services-resources.htm


This email was copied to:

- michaelsmoates@gmail.com
- lsc-vdac@lonestar.edu


Reference Code: 101

*For Immediate Release*

Michael Moates, MA, QMHP-T, RBT, CPI
Student at Lone Star College
michaelsmoates@gmail.com
(817) 999-7534

# LONE STAR COLLEGE ABUSES, DEGRADES, AND DENIES BASIC HUMAN/CIVIL RIGHTS TO STUDENT

Stephen Quezada is a member of the law firm Gray Reed and a legal representative of Lone Star College System (See Attachment A). Mr. Quezada was tasked with negotiating a settlement in good faith or defending the system in court. But rather than do·this, Counselor Quezada has decided to engage in threats and abusive degrading comment toward the student.

On 26 August 2021, the parties were negotiating or at the very minimum discussing a settlement agreement to which Counselor Quezada responded, "You must be consulting with Rudy Giuliani or Sidney Powell" (See Attachment B) to degrade the student. His continued attacks and disrespect made me (the student) feel humiliated, threatened, and caused anxiety. I asked the college to find someone else to communicate with me and Chief Operating Officer Nancy Molina had this to say "Stephen Quezada represents the College in this matter" so I was required to continue the endurance of the abuse.

My final request was for the college to acknowledge my final grade of a B and state that it was part of the contract. There was no need for this kind of language.

The college has violated the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, Tex. Bus. & Com. Code § 503.001 – Biometric Laws, various sections of the Texas and United States Constitutions, FERPA, Texas Deceptive Trade Practices Act, and knowingly cause inflectional emotional distress.

Furthermore, the college has forged my signature in a court document where they did not yet have consent, the attorneys have made various false statements and misrepresentations. They also attempted to force me into contracts that I did not agree with.

They created a contract so broad that they could commit "personal injury, harm, emotional distress or other damages (whether intentional or unintentional), including but not limited to all tort claims and claims for fraud, negligence, gross negligence, privacy, negligent, misrepresentation, biometrics, misrepresentation, and defamation" (See Attachment C)

This meant that they could essentially cut my throat and not be civilly charged. Because they were not liable for any injury or harm.

The also added an NDA and non-disparagement clause that would prevent me from talking to elected officials such as the Board of Trustees.

The college has a history of being sued for taking away basic human and civil rights.

There communication is disgraceful. I begged for help from disability services, calling 9 times over the course of the term and to no response or call back. (See Attachment D).

They attempted to extort me into signing this agreement even though the previous agreement said I had until 31 August 2021. (See Attachments E and G). If I did not comply with their demands, they were not refund me as promised. They also again used degrading words. I was in a conference at an external location and was unable to sign any documents and told them I would not be home by this 2pm deadline and the attorney stated, "I don't buy the below excuse." This new deadline of 2PM was offered at 1:40PM. When I challenged their new 20-minute deadline, I was told "manage your time how you see fit." (See Attachment H)

They have threatened to sue me for breach, but the public must know about their abuse and discriminatory practice against disabled individuals. This is unacceptable.

I have attempted to communicate with the Board of Trustees, but the college is refusing to give me our elected leaders professional contact information.

About Michael Moates: Mr. Moates is a Doctor of Education student at Fielding Graduate University. Prior to that he earned a Master of Arts from Liberty University and a bachelor's from Tarleton State University. He is a licensed Mental Health Professional, Registered Behavior Therapist, and formally worked as a journalist covering the White House.

###

Attachment A



Attachment B

Stephen Quezada
to me, Nancy, Office, Steve, Mario ▾

Michael,

You must be consulting with Rudy Giuliani or Sidney Powell.

•••

Attachment C

(f)      all claims for personal injury, harm, emotional distress or other damages (whether intentional or unintentional), including but not limited to all tort claims and claims for fraud, negligence, gross negligence, privacy, negligent misrepresentation, biometrics, misrepresentation, and defamation; and

## Attachment D

| Date / Time | | Contact ▲ | Location | Call Type | Minutes | Charge ($) |
|---|---|---|---|---|---|---|
| 07/15/2021 | 02:59PM | 832.813.6552 | Spring, TX | SDDV | 1 | 0.00 |
| 07/22/2021 | 02:45PM | 832.813.6552 | Spring, TX | SDDV | 1 | 0.00 |

| Date / Time | | Contact ▼ | Location | Call Type | Minutes | Charge ($) |
|---|---|---|---|---|---|---|
| 07/22/2021 | 03:24PM | 832.813.6614 | Spring, TX | SDDV | 1 | 0.00 |

| Date / Time | | Contact ▲ | Location | Call Type | Minutes | Charge ($) |
|---|---|---|---|---|---|---|
| 07/15/2021 | 03:00PM | 281.290.3738 | Tomball, TX | SDDV | 1 | 0.00 |
| 07/19/2021 | 01:25PM | 281.290.3738 | Tomball, TX | SDDV | 1 | 0.00 |
| 07/19/2021 | 02:18PM | 281.290.3738 | Tomball, TX | SDDV | 1 | 0.00 |

| Date / Time | | Contact ▼ | Location | Call Type | Minutes | Charge ($) |
|---|---|---|---|---|---|---|
| 07/28/2021 | 11:04AM | 281.290.3738 | Tomball, TX | SDDV | 1 | 0.00 |
| 07/27/2021 | 03:18PM | 281.290.3738 | Tomball, TX | SDDV | 1 | 0.00 |

## Attachment E



**Stephen Quezada**
to me, Nancy, Office, Steve, Mario ▾

Michael,

You have until 2pm, or we will consider you to have repudiated the agreement. You last signed electronically, so I don't buy the below excuse.

If you find a lawyer to represent you, then I will deal with that person.

LSC's position has not changed from my last email to you. If you sign then you sign, if you don't then you don't. Your call.

We are done.

Regards,

Stephen

Stephen Quezada
Counsel
Tel 713.986.7215 | Fax 713.730.5985 | squezada@grayreed.com
1300 Post Oak Blvd., Suite 2000 | Houston, TX 77056
grayreed.com | Connect with me on LinkedIn

*Board Certified - Labor & Employment Law*
*Texas Board of Legal Specialization*



Attachment G

       8.    **Supplemental Release.** In exchange for the promise to pay the Reimbursement Amount, Student shall execute the Confidential Supplemental Release Agreement, attached hereto as Exhibit A, no sooner than the completion or conclusion of Nutrition and no later than August 31, 2021.

Attachment H

**Stephen Quezada**

to me, Nancy, Office, Steve, Mario ▾

Michael,

You manage your time how you see fit.

We are not going to "recall" anything. We are done.

...

                                     ###

| | |
|---|---|
| **From:** | Michael Moates |
| **To:** | Copeland, Beverly; Beklaris, Hrisafia |
| **Cc:** | Thomas, Leslieann; LSC-VDAC |
| **Subject:** | Disability Accommodations |
| **Date:** | Thursday, July 15, 2021 9:34:47 PM |
| **Attachments:** | Moates_AccdLtr_Rev1-2016.pdf |

Hello professor's:

Just a heads up I am cc'ing Leslie Thomas, the disability service manager.

I applied to LSC a couple of weeks ago but due to the issues with Apply Texas was literally accepted and enrolled today which prevented me from seeking disability accommodations prior to the course. I have made this request in writing to the university although I am not sure of the time frame.

I have followed policy to self-identify, notified them of my request, provided documentation, and am hoping for answers soon.

I have extreme asthma brought on a collapsed throat from sleep apnea. Occasionally, especially in the recordings you may see me wearing a bi-pap and I may be required to adjust it.

I also have ADHD, Dysgraphia, an eating disorder, general anxiety disorder, and a relatively active cough (brought on by the above).

I have included my accommodations from 2016 when I completed my AA at LSC as a reference.

In addition, I have asked for the following to be added:

- One break for.every 30 minutes during quizes/exams for purposes of ADHD and or breathing issues. An alternative to breaks would be to break up the exams into sections or part of an exam.
- The ability to not be recorded during exams/quizzes, willing to go to local test sites to complete them. Have anxiety regarding tests in addition to having my screen recorded, being watched, listened to, showing my professor my home, scared that if I look away my ADHD will cause me to be flagged. Afraid if my roommate walks out I will fail. So, the idea is to go to a testing center will need to be worked out as I am in Fort Worth. Also, given the Bipap, I will need to be able to adjust the settings on my phone if I have an asthma issue. If recording is a requirement, I request the following 1) To be allowed to stand up and stretch due to hyperactivity. 2) The ability to use my phone to adjust the

bi-pap. 3) The ability to not be penalized for looking away.

- The ability to potentially submit an essay showing knowledge in place of exam due to severe test anxiety.

Also, side note... can the videos for the classes be edited? I don't want my thoughts to be unorganized because of failure to focus or stay on task.

Thank you all for your help and I hope to get this finalized ASAP.

Michael Moates

**Stephen Quezada**

| | |
|---|---|
| **From:** | Stephen Quezada |
| **Sent:** | Friday, August 27, 2021 10:25 AM |
| **To:** | Michael |
| **Cc:** | Molina, Nancy |
| **Subject:** | Re: [EXTERNAL] Rule 11 |

You can mark me opposed. Thanks.


**Stephen Quezada**
**Counsel**
Tel 713.986.7215 | Fax 713.730.5985 | squezada@grayreed.com
1300 Post Oak Blvd., Suite 2000 | Houston, TX 77056
grayreed.com | Connect with me on LinkedIn

*Board Certified - Labor & Employment Law*
*Texas Board of Legal Specialization*



CONFIDENTIALITY NOTICE: This electronic transmission and any attachments constitute confidential information which is
intended only for the named recipient(s) and may be legally privileged. If you have received this communication in error, please
contact the sender immediately. Any disclosure, copying, distribution or the taking of any action concerning the contents of
this communication by anyone other than the named recipient(s) is strictly prohibited.


On Aug 27, 2021, at 10:19 AM, Michael <michaelsmoates@gmail.com> wrote:

Stephen,

You are hereby notified, pursuant to Rule 11 FRCP that I intend to set aside the judgement in our
case and that I intend to file a motion for sanctions.

You applied my signature to a document for which consent was not granted. Consent to file the
document was only granted should you get me a signed copy of the final agreement executed by
the college.

Therefore, my signature is invalid and is a forgery. It was filed prior to me receiving the
documents.

This notice gives you 21 days to take corrective action. I am also sending a copy via certified
mail to your firm.


--
**Michael Moates, MA, QMHP-T, RBT, CPI**
*Doctor of Education Student | Fielding Graduate University*
*Senior Member, Civil Air Patrol, US Air Force Auxiliary*

*State of Texas Commissioned Notary Public*
*(817) 999-7534 | nmoates@email.fielding.edu*

**"Yesterday is not ours to recover but tomorrow is ours to win or lose." - President Lyndon B. Johnson**

"When I was a baby child, good and bad was just a game, many years and many triumphs, they proved to me they not the same"

**From:** Molina, Nancy
**To:** Stephen Quezada
**Subject:** [EXTERNAL] Fwd: SA
**Date:** Wednesday, August 25, 2021 5:22:41 AM

Regards,
Nancy

Begin forwarded message:

> **From:** Michael Moates <michaelsmoates@gmail.com>
> **Date:** August 25, 2021 at 12:07:38 AM CDT
> **To:** "Molina, Nancy" <Nancy.M.Molina@lonestar.edu>
> **Cc:** "Castillo, Mario" <Mario.K.Castillo@lonestar.edu>, "Head, Steve" <Steve.Head@lonestar.edu>, Office of the Chancellor <Chancellor@lonestar.edu>
> **Subject: SA**
>
> Mrs. Molina,
>
> I am sending you this email as a courtesy. I will accept the B if the following conditions are met:
>
> 1st - Stephen will not contact me again. If he does I will not sign the agreement. Furthermore, I will consider it harassment and file a police report. This is not a request it is a formal notification.
> 2nd - I am going to speak to the Board next month and you are saying that is acceptable. I am going to let them know of how this last 24 hours transpired. How you almost came into litigation because he threatened me.
> 3rd - After the agreement is signed. I will be permitted to leave with no disparagement from the college about me.
> 4th - I will get the full payment as agreed to.
> 5th - The W will be marked with cause as agreed.
>
> This is a god-send for you guys. Because he has treated me poorly. But I am not going to punish the college for his childish threats.
>
> Let me know if this is acceptable to you.
>
> This is a settlement offer under Rule 408.
>
> Offer expires end of business 25 August 2021.
>
> Michael Moates, MA, QMHP-T, RBT, CPI
> Doctor of Education Student | Fielding Graduate University
> Senior Member, Civil Air Patrol, US Air Force Auxiliary
> State of Texas Commissioned Notary Public
> (817) 999-7534 | mmoates@email.fielding.edu

*LG  TQ Safe Zone*
ACADEMIC Freedom Advocate



**LONE STAR COLLEGE**

Valentina E. Dassey
Assistant General Counsel
Office of the General Counsel
5000 Research Forest Drive
The Woodlands, TX 77381-4356

Telephone: 832.813.6843
Facsimile: 832.813.6656
Valentina.E.Dassey@LoneStar.edu
LoneStar.edu

August 4, 2016

*Via Email: Tamara.Williams@ed.gov*
*Via FedEx Overnight*

Investigator Tamara Williams
Department of Education Office for Civil Rights
Dallas District Office
1999 Bryan St., Suite 1620
Dallas, TX 75201-6810

| | |
|---|---|
| **Re:** | **Complaint Response** |
| **Reference:** | **OCR Docket # 06162099** |
| **Complainant:** | **Michael Moates** |
| **Respondent:** | **Lone Star College ("College")** |

Dear Ms. Williams:

Please find Lone Star College's complete response to the above-referenced Office for Civil Rights' Initial Data Request enclosed. The College's partial response was provided on June 29, 2016. This response supplants the partial response submitted. Redacted materials in the exhibits assert attorney-client privilege.

Should you need any additional assistance in this matter, please do not hesitate to contact me via email at Valentina.E.Dassey@lonestar.edu, or at (832) 813-6843.

Thank you for your time and attention to this matter.

Respectfully,

Valentina E. Dassey
Assistant General Counsel
Office of the General Counsel
Lone Star College System

cc:     Mario K. Castillo, General Counsel

Enclosures

**Complaint Response Letter**
**Initial Data Request Response**
**Exhibits**



August 4, 2016

*Via Email: Tamara.Williams@ed.gov*
*Via FedEx Overnight*

Investigator Tamara Williams
Department of Education Office for Civil Rights
Dallas District Office
1999 Bryan St., Suite 1620
Dallas, TX 75201-6810

Valentina E. Dassey
Assistant General Counsel
Office of the General Counsel
5000 Research Forest Drive
The Woodlands, TX 77381-4356

Telephone: 832.813.6843
Facsimile: 832.813.6656
Valentina.E.Dassey@LoneStar.edu
LoneStar.edu

| Re: | **Complaint Response Letter** (*Initial Data Request No. 3*) |
|---|---|
| **Reference:** | **OCR Docket # 06162099** |
| **Complainant:** | **Michael Moates** |
| **Respondent:** | **Lone Star College** |

Dear Ms. Williams:

This letter responds to Lone Star College student Michael Moates' Complaint alleging disability discrimination and retaliation during the Fall 2015 semester.[1] Mr. Moates specifically alleges that, during Fall 2015, Lone Star College (the College or LSC)[2] (1) failed to timely implement academic accommodations, and (2) retaliated against him when disability services implemented "random" academic accommodations that did not serve his disability.[3]

The College twice investigated Mr. Moates' discrimination allegations in January 2016 and found no evidence of discrimination or retaliation.[4] The first investigation was led by the College's Student Services Department. The second investigation was led by the College's Office of the General Counsel. Both investigations independently reached the same conclusion: Mr. Moates did not provide notice he was an individual needing accommodation, did not register with Disability Services, or otherwise request academic adjustments during Fall 2015.[5] To prepare this response, the College again reviewed those investigations and confirmed its findings, which are outlined below.[6]

---

[1] The Complaint specifically states the alleged discrimination and retaliation occurred during Fall 2015. The College maintains that Mr. Moates did not provide the College notice that he was an individual needing accommodation until December 2015, after the end of the Fall 2015 semester. However, the College has included information about Mr. Moates' Spring 2016 Winter Minimester to provide a full evaluation of the Complaint.

[2] The College is a Texas Education Code Chapter 130 institution. *See* http://www.lonestar.edu/about-lsc.htm.

[3] Bates Nos. LSC – OCR 000115, Attach. Ex., G.

[4] Bates Nos. LSC – OCR 000055-000073, Attach. Ex., D; Bates Nos. LSC – OCR 000074-000076, Attach. Ex., E.

[5] "[If] you want the school to provide an academic adjustment, you must identify yourself as having a disability." *Students with Disabilities Preparing for Postsecondary Education*, Office for Civil Rights, Sept. 2011, http://www2.ed.gov/about/offices/list/ocr/transition.html

[6] While investigating this Complaint, the College reached out to each campus Mr. Moates enrolled in during Fall 2015 to find out if Mr. Moates ever contacted the campus' DSOs or told any of his instructors that he required disability-

## DISCUSSION[7]

Mr. Moates was unhappy with a class grade during the Fall 2015 semester.[8] Specifically, Mr. Moates, who is an online student, was having technical difficulties with the online course delivery system in his Federal Government class being hosted at LSC-Tomball.[9] Mr. Moates contacted his instructor midway through the eight-week course saying he could not watch videos on his computer, which was "causing [him] to have bad grades."[10] His instructor, Dr. Annie Benifield, diligently worked with Mr. Moates to address these technical issues.[11] Dr. Benifield, however, did not change Mr. Moates' grades because the questions came from chapter readings as opposed to  the videos.[12] Mr. Moates was not satisfied with his then current grade in Federal Government believing he deserved a better grade because he encountered technology problems.[13] Dr. Benifield specifically noted that Mr. Moates did not appropriately follow up with the Distance Learning (DL) Helpdesk as requested to resolve the technology problem.[14]

Mr. Moates filed an academic grade appeal. On December 8, 2016, Mr. Moates contacted Dr. Quentin Wright, LSC-Tomball's Vice President of Instruction, who handles academic appeals, and asked for a Federal Government academic grade appeal under LSC Board Policy section V.C.3.[15] This was unusual because Mr. Moates had not received his final exam grade, and thus, there was no final grade to appeal.

Dr. Wright determined that Mr. Moates' academic grade appeal was not warranted because technical issues alone do not merit changing a student's grade.[16] Dr. Wright communicated to Mr. Moates on December 10, 2015 that academic grade appeals can only be initiated under four specific circumstances.[17] Dr. Wright explained that based on Mr. Moates' "verbal and written

---

based accommodation. No evidence could be found that Mr. Moates communicated to anyone during Fall 2015 that he was an individual requiring disability-based accommodation.

[7] The College establishes that: (i) the information provided in this Complaint Response Letter is based on the College's current understanding of the information available on the day it was prepared, and the College reserves the right to modify accordingly if any information changes; (ii) the College's submission of information during the course of the Office for Civil Rights' investigation in no way constitutes a waiver of any available defenses or objections that it may seek to raise at a later time in this or any other proceeding; and (iii) in accordance with applicable law, the information provided by the College during the course of the Office for Civil Rights' investigation is considered sensitive, kept confidential, and not disclosed to third parties, except as required by law.

[8] Mr. Moates enrolled at the College for the first time in October 2015 for five eight-week online intensive courses being hosted at four different College campuses. *See* Bates Nos. LSC – OCR 000001, Attach. Ex., A.

[9] Bates Nos. LSC – OCR 000130-000167, Attach. Ex., J.

[10] Bates Nos. LSC – OCR 000131-000134, Attach. Ex., J.

[11] Bates Nos. LSC – OCR 000130-000167, Attach. Ex., J.

[12] Bates Nos. LSC – OCR 000130 and 000137, Attach. Ex., J.

[13] Bates Nos. LSC – OCR 000147-000148, Attach. Ex., J.

[14] Bates Nos. LSC – OCR 000147, Attach. Ex., J. Dr. Benifield states that the technical issues could have been resolved earlier if Mr. Moates had followed up with Joseph Lambert as he was requested to do. Joseph Lambert is a technician working with LSC-Online Virtual Teaching Assistance Center (VTAC). *See also* Bates No. LSC – OCR 000153, Attach. Ex. J where the VTAC representative notes that Mr. Moates did not return calls or email from VTAC.

[15] Bates Nos. LSC – OCR 000168-000169, Attach. Ex., K.

[16] Bates Nos. LSC – OCR 000170-000171, Attach. Ex., K.

[17] *Id.*

statements, [he] was submitting an appeal due to technical issues" which did not qualify under any of the four specific circumstances under which a student may initiate an academic grade appeal.[18]

Four days after Dr. Wright did not sustain Mr. Moates' grade appeal, Mr. Moates verbally informed Dr. Wright that he believed he was being discriminated against on the basis of disability under the ADA.[19] On that same day, Mr. Moates first communicated with a College Disability Services Office (DSO) to request accommodation.[20] Mr. Moates did not allege disability discrimination during his academic grade appeal until after the appeal was not sustained.[21] His assertion that he was discriminated against on the basis of disability came as a surprise because there was no evidence that Mr. Moates ever requested disability-based accommodation from the College. Further, Dr. Wright found no evidence that Mr. Moates contacted LSC-Tomball's DSO as required by College policy.[22]

Dr. Wright could not verify Mr. Moates' assertion that he requested accommodation.[23] Mr. Moates alleged that he provided his instructor and LSC Online information regarding his disability and need for accommodation.[24] Neither the online team nor Mr. Moates' instructors knew anything about his disability or request for accommodation.[25] Mr. Moates stated he had emails documenting his request for accommodation from October 2015. Dr. Wright specifically requested Mr. Moates provide said emails.[26] Mr. Moates did not provide the emails to Dr. Wright. Nevertheless, the College takes discrimination complaints seriously and notified Mr. Moates that his allegation would be considered a Student Civil Rights Complaint[27] and would be investigated following the Winter Break.[28]

---

[18] Id.

[19] Bates Nos. LSC – OCR 000173-000174, Attach. Ex., L. Noting in Dr. Wright's response that Mr. Moates did not mention anything regarding 504 accommodations until Monday morning, December 14, 2015, and that Mr. Moates did not provide any information regarding to whom he sent information or a request.

[20] Bates Nos. LSC – OCR 000042-000054, Attach. Ex., C., On December 14, 2015, Mr. Moates contacted the LSC-Montgomery's DSO. A DSO provider spoke and corresponded with Mr. Moates that same day. Mr. Moates provided the College's intake form and requested a specific accommodation, "no time limits on testing". Bates Nos. LSC – OCR 000045, Attach. Ex., C. The DSO provider spoke with Mr. Moates and explained that while unlimited extended time was not permissible, he could be given time and a half. Bates Nos. LSC – OCR 000042. The DSO provider further directed Mr. Moates to contact her if he needed accommodation modification. Id. The accommodation letter was provided to Mr. Moates granting the time and half accommodation. Bates Nos. LSC – OCR 000051-000053. Mr. Moates did not complain about the accommodation provided in the letter and never alerted the College that he believed the accommodation provided to him was "random" or retaliatory. Bates Nos. LSC – OCR 000042.

[21] Bates Nos. LSC – OCR 000182-000184, Attach. Ex., L.

[22] Bates Nos. LSC – OCR 000173-000174, Attach. Ex., L. Noting who Dr. Wright contacted to find out if Mr. Moates had requested disability-based accommodation.
Bates Nos. LSC – OCR 000012-000034, Attach. Ex., B; Bates Nos. LSC – OCR 000035-000041, Attach. Ex., B.

[23] Bates Nos. LSC – OCR 000173-000174, Attach. Ex., L.

[24] Bates No. LSC – OCR 000172-000173, Attach. Ex., L. Mr. Moates further specified that he sent the request to "Nisha" on October 18. The College could not locate any individual named "Nisha". However, the College did speak with an employee named "Nishi" who works in the international student department, but he knew nothing of Mr. Moates or any ADA request.

[25] Id.

[26] Id.

[27] Student Civil Rights Complaints may be found in Board Policy Section VI.D.12. See Bates Nos. LSC – OCR 000014, Attach. Ex., B. See also Bates Nos. LSC – OCR 000178-000179, Attach. Ex., L.

[28] The College's Winter Break was from December 19, 2015 – January 3, 2016.

Ann Johnson investigated Mr. Moates' Fall 2015 Student Civil Rights Complaint in January 2016. Ms. Johnson spoke with Mr. Moates on January 5, 2016 and Mr. Moates reiterated his claim that he contacted LSC Online via email in October 2015 to request disability-based accommodation.[29] Mr. Moates told Ms. Johnson that he would send all the emails he sent to LSC Online confirming his request for accommodation.[30] Ms. Johnson followed up with Mr. Moates repeatedly asking him to send the emails.[31]

While Ms. Johnson was investigating the Fall 2015 Student Civil Rights Complaint, Mr. Moates contacted the Office of the General Counsel (OGC) on January 11, 2016 regarding his Fall 2015 disability discrimination complaint and another un-sustained academic grade appeal that occurred during the Winter Break.[32] The OGC took Mr. Moates' allegations seriously and began conducting its own investigation.[33] Again, Mr. Moates was asked to provide the emails he sent to LSC Online requesting accommodation.[34] The College was responsive to Mr. Moates throughout this process. After Mr. Moates spoke to the OGC for several hours and was asked to be patient, he proceeded to call various college presidents, vice chancellors, and the College's Chancellor to continue complaining. The College's General Counsel spoke with Mr. Moates for over an hour listening to his complaints and assuring him that the investigation was proceeding and, again, asked for his patience and cooperation.[35] Mr. Moates was asked to only communicate with Ms. Johnson and the OGC as it related to his complaints.

During both investigations, Mr. Moates repeatedly stated that he requested accommodation in October 2015 by sending emails to LSC Online via onlineadvisor@lonestar.edu. The OGC

---

[29] Bates Nos. LSC – OCR 000126-000127, Attach. Ex., I.

[30] *Id.*

[31] Ms. Johnson followed up on January 6th and 12th. *See* Bates Nos. LSC – OCR 000126-000127, Attach. Ex., I.

[32] During the Winter Break, the majority of the College is closed. However, there are some courses, including online courses, offered during the "Winter Minimester" which is considered part of the Spring 2016 semester. Mr. Moates enrolled in a Winter Minimester Texas Government online course. Bates Nos. LSC – OCR 000001, Attach. Ex., A. Because Mr. Moates had gone through the College's process of requesting accommodation on December 14, 2015, he had an accommodation for the course. Bates Nos. LSC – OCR 000042-000054, Attach. Ex., C. During Mr. Moates' second Texas Government exam, the online program did not allow Mr. Moates the extra time he was granted in his accommodation letter. Mr. Moates alerted his instructor and together they began working on a way in which Mr. Moates could retake the test with the proper amount of time. Bates Nos. LSC – OCR 000185-000193, Attach. Ex., M. Mr. Moates wanted the instructor to reopen the exam for the additional time, but was explained that was not possible because of academic integrity. *Id.* Mr. Moates was given the option of taking another multiple choice exam or an essay exam. Mr. Moates opted for the essay exam over another multiple choice exam. *Id.* Again, before any final grade was issued, Mr. Moates requested an academic appeal. Bates No. LSC – OCR 000194, Attach. Ex., N. Mr. Moates stated he required additional accommodation not detailed in his accommodation letter. Bates Nos. LSC – OCR 000051-000053, Attach. Ex., C. The academic grade appeal was not sustained because Mr. Moates was given the option of either essay or multiple choice exam and he choose to take an essay exam. Further, Mr. Moates had not requested additional accommodation before the Texas Government course and he did not complain about the accommodation provided to him until his academic grade appeal.
*See also* Bates Nos. LSC – OCR 000055-000068, Attach. Ex., D for a more detailed report of Winter Minimester circumstances.

[33] Bates No. LSC – OCR 000122, Attach. Ex., H.

[34] *Id.*

[35] It is noteworthy that Mr. Moates filed his OCR Complaint one day after contacting the College's OGC and before Ms. Johnson or OGC completed the investigations.

attorney, Val Dassey, repeatedly asked Mr. Moates to produce these emails.[36]  While waiting for Mr. Moates to produce the emails and in order to expedite confirmation of Mr. Moates' assertion, Ms. Dassey requested the College's Office of Technology Services (IT department) to search for emails sent by Mr. Moates to onlineadvisor@lonestar.edu in October 2015 requesting accommodation.[37] No emails were found requesting accommodation.

On January 16, 2016, Mr. Moates finally provided four emails to OGC.[38] Mr. Moates also provided the emails to Ms. Johnson.[39] The emails contained alarming inconsistencies. These inconsistencies led OGC to believe the alleged accommodation request emails were fabricated.[40] For example, each of the four emails is FROM: OnlineAdvisor@LoneStar.edu, TO: Michael Moates <michaelsmoates@gmail.com>.[41] It is not possible that the emails came from the OnlineAdvisor@LoneStar.edu email. Second, the third email titled "Michael Moates Accommodations" is dated Tues. Jan 16, 2015 at 2:07 PM.[42] Mr. Moates was not enrolled at the College in January 2015 and, further, January 16, 2015 was a Friday, not a Tuesday.[43] Ms. Johnson also noted the authenticity problems with the emails and independently concluded they were not valid. Because the College's investigations could not substantiate Mr. Moates' assertion that he requested accommodation in the manner he alleged, the College determined that Mr. Moates did not provide notice that he required disability-based accommodation during Fall 2015.[44] Thus, the College did not fail to provide academic adjustment because it did not have notice that adjustment was needed.

The OGC sent Mr. Moates a certified letter and an email detailing the investigation and its conclusions on January 20, 2016, *six business days* after he contacted OGC with his complaints.[45] Ms. Johnson spoke with Mr. Moates about his Student Civil Rights Complaint results and the LSC-Tomball President, Dr. Nutt, sent him a certified letter and email regarding the investigation's conclusion.[46]

Mr. Moates did not respond or refute OGC's letter.

## CONCLUSION

The College investigated Mr. Moates' Fall 2015 and Spring 2016 Winter Minimester (Winter Break) disability discrimination complaints and issued determinations.[47] Mr. Moates filed

---

[36]These requests were in addition to Dr. Wright requesting these after Mr. Moates first alleged disability discrimination in Fall 2015. *See* Bates Nos. LSC – OCR 000173-000174, Attach. Ex., L. OGC's request was also in addition to Ms. Johnson's request for the emails. *See* Bates Nos. LSC – OCR 000126-000127, Attach. Ex., I.

[37] Bates No. LSC – OCR 000122, Attach. Ex., H.

[38] Bates Nos. LSC – OCR 000123-000124, Attach. Ex., H.

[39] Bates Nos. LSC – OCR 000128-000129, Attach. Ex., I.

[40] Bates Nos. LSC – OCR 000055-000073, Attach. Ex., D.

[41] Bates Nos. LSC – OCR 000123-000124, Attach. Ex., H.

[42] Bates No. LSC – OCR 000123, Attach. Ex., H.

[43] *Id.*

[44] Bates Nos. LSC – OCR 000055-000073, Attach. Ex., D.

[45] *Id.*

[46] Bates Nos. LSC – OCR 000074-000076, Attach. Ex., E.

[47] Bates Nos. LSC – OCR 000055-000073, Attach. Ex., D, Bates Nos. LSC – OCR 000074-000076, Attach. Ex., E.

- o LSCS Disability Services
  - ▪ http://www.lonestar.edu/disability-services.htm
- The College's Board of Trustees and Chancellor clarified various LSCS Board Policy provisions in March 2016. The current and pre-March 2016 applicable policies are included for convenience.
- Bates Nos. LSC – OCR 000012-000034, Attach. Ex., B.
- Bates Nos. LSC – OCR 000035-000041, Attach. Ex., B.

6. **A complete copy of the Complainant's application for academic adjustments and auxiliary aids and services and any supporting documentation submitted by the Complainant.**
   - The first time the College received notice that Mr. Moates required academic adjustment was on December 14, 2015, after the Fall 2015 semester. Mr. Moates was approved for academic adjustment for the Spring 2016 Winter Minimester in the form of 50% more time on all timed exams and quizzes.
   - Bates Nos. LSC – OCR 000042-000054, Attach. Ex., C.
   - The College has not been able to confirm that Mr. Moates requested an academic adjustment for Fall 2015. Indeed, the College communicated with Mr. Moates to verify whether he requested academic adjustment for Fall 2015 (please see Bates Nos. LSC – OCR 000055-000073, Attach. Ex., D and Bates Nos. LSC – OCR 000074-000076, Attach. Ex., E where the College explained to Mr. Moates the inconsistencies in the documents that Mr. Moates provided as evidence of his academic adjustment request).
   - *Please note the College did not include accommodation information for the Spring, Summer, or Fall 2016 semesters except for Spring 2016 Winter Minimester because the Complaint is specific to Fall 2015.*

7. **The names, telephone numbers, and titles of any and all persons who participated in any determinations regarding the provision of academic adjustments and auxiliary aids and services for the Complainant.**
   - The College requests that OCR contact the Office of the General Counsel at 832.813.6843 in order to set up any phone calls or interviews with listed witnesses.
     - o Kristin Lue King, Executive Director of Disability Services
     - o Iris Hansen, Manager of Disability Services
     - o Victoria Saunders, Disability Services Provider

8. **A complete copy of any documents related to LSCS's response to the Complainant's application for academic adjustments and auxiliary aids and services.**
   - The first time the College received notice that Mr. Moates required academic adjustment was on December 14, 2015, after the Fall 2015 semester. Mr. Moates was approved for academic adjustment for the Spring 2016 Winter Minimester in the form of 50% more time on all timed exams and quizzes.
   - Bates Nos. LSC – OCR 000042-000054, Attach. Ex., C.
   - *Please note the College did not include accommodation information for the Spring, Summer, or Fall 2016 semesters except for Spring 2016 Winter*

*Minimester because the Complaint is specific to Fall 2015.*

9. **If the Complainant was approved for academic adjustments and/or auxiliary aids and services, please provide a description of the adjustments/aids/services, a description of when and how the adjustments/aids/services were developed, copies of documents containing the adjustments/aids/services, and the names and titles of the person(s) involved in developing and responsible for implementing the adjustments/aids/services.**
   - The first time the College received notice that Mr. Moates required academic adjustment was on December 14, 2015, after the Fall 2015 semester. Mr. Moates was approved for academic adjustment for the Spring 2016 Winter Minimester in the form of 50% more time on all timed exams and quizzes.
   - Bates Nos. LSC – OCR 000042-000054, Attach. Ex., C.
   - *Please note the College did not include accommodation information for the Spring, Summer, or Fall 2016 semesters except for Spring 2016 Winter Minimester because the Complaint is specific to Fall 2015.*

10. **Copies of any documentation of communications between the Complainant and LSCS (including for example, correspondence, records of telephone conversations, emails, and notes of conferences or meetings) related to the Complainant's academic adjustments and auxiliary aids and services. If no written documentation exists, please provide a narrative of any discussions regarding these issues.**
   - The first time the College received notice that Mr. Moates required academic adjustment was on December 14, 2015, after the Fall 2015 semester. Mr. Moates was approved for academic adjustment for the Spring 2016 Winter Minimester in the form of 50% more time on all timed exams and quizzes.
   - Bates Nos. LSC – OCR 000042-000054, Attach. Ex., C.
   - *Please note the College did not include accommodation information for the Spring, Summer, or Fall 2016 semesters except for Spring 2016 Winter Minimester because the Complaint is specific to Fall 2015.*

11. **A copy of the syllabus and any and all relevant information issued by the professors for the classes taken by the Complainant during the 2015 fall semester.**
   - Fall 2015
     - o Syllabi: Bates Nos. LSC – OCR 000077-000109, Attach. Ex., F.
   - Mr. Moates enrolled in an online course during the Winter Break which is considered part of Spring 2016. It is also known as the "Winter Minimester". This is usually a two or three-week intensive course. The College has included this course because it is the first time Mr. Moates had requested and received accommodation.
     - o Syllabus: Bates Nos. LSC – OCR 000110-000114, Attach. Ex., F.

12. **A copy of any documentation and/or written communication between the LSCS and the Complainant pertaining to the allegation in this complaint,**

**including complaints filed with LSCS and the final resolutions thereof.**

- The College does not have record of Mr. Moates requesting academic adjustment for Fall 2015. Mr. Moates filed a Student Civil Rights Complaint in December 2015 which was investigated by Lone Star College-Tomball's Vice President of Student Success. Mr. Moates also complained to the Office of the General Counsel in January 2016 about his Student Civil Rights Complaint and his un-sustained Spring 2016 Winter Minimester academic appeal.
- The College conducted two investigations into Mr. Moates' assertion that he requested academic adjustment and the College failed to provide it.
- The College was unable to verify that Mr. Moates requested academic adjustment for Fall 2015 and determined that his rights were not violated following the un-sustained Spring 2016 Winter Minimester academic appeal.
- Office of the General Counsel Recommendation
  - Bates Nos. LSC – OCR 000055-000073, Attach. Ex., D.
- LSC-Tomball Student Civil Rights Complaint result
  - Bates Nos. LSC – OCR 000074-000076, Attach. Ex., E.
- Correspondence between Mr. Moates and the Office of the General Counsel
  - Bates Nos. LSC – OCR 000122-000125, Attach. Ex., H.
- Correspondence between Mr. Moates and Ann. Johnson regarding Student Civil Rights Complaint
  - Bates Nos. LSC – OCR 000126-000129, Attach. Ex., I.
- Fall 2015 Federal Government appeal and response
  - Bates Nos. LSC – OCR 000168-000171, Attach. Ex., K.
- Mr. Moates' communications regarding discrimination with Dr. Wright
  - Bates Nos. LSC – OCR 000172-000184, Attach. Ex., L.

**13. Any other information LSCS can provide to OCR to assist us in resolving the allegation in this complaint.**

- Communication regarding Mr. Moates' technology issues in Federal Government class
  - Bates Nos. LSC – OCR 000130-000167, Attach. Ex., J.
- Communication regarding Mr. Moates' second Texas Government exam during Spring 2016 Winter Minimester
  - Bates Nos. LSC – OCR 000185-000193, Attach. Ex., M.
- Spring 2016 Winter Minimester Texas Government appeal and response
  - Bates Nos. LSC – OCR 000194-000199, Attach. Ex., N.

# EXHIBIT LIST

| EX. | DESCRIPTION | BATES NOS. LSC – OCR |
|---|---|---|
| A | Mr. Moates' Educational Records for Fall 2015 | 000001-000011 |
| B | LSC Board Policy & Procedures for Student Disability Rights | 000012-000034 |
| C | Mr. Moates' first accommodation application and communication with disability services | 000042-000054 |
| D | Office of the General Counsel Recommendation sent to Mr. Moates in response to his complaints | 000055-000073 |
| E | LSC-Tomball Student Civil Rights Complaint result sent to Mr. Moates | 000074-000076 |
| F | Fall 2015 and Spring 2016 Winter Minimester Syllabi | 000077-000114 |
| G | OCR Complaint | 000115-000121 |
| H | Correspondence between Mr. Moates and Office of the General Counsel | 000122-000125 |
| I | Correspondence between Mr. Moates and Ann Johnson regarding Student Civil Rights Complaint | 000126-000129 |
| J | Communication regarding Mr. Moates' technology issues in Federal Government class | 000130-000167 |
| K | Fall 2015 Federal Government academic appeal and response | 000168-000171 |
| L | Communication regarding Mr. Moates' discrimination complaint following un-sustained Federal Government academic appeal | 000172-000184 |
| M | Communication regarding second Texas Government exam during Spring 2016 Winter Minimester | 000185-000193 |
| N | Spring 2016 Winter Minimester Texas Government academic appeal and response | 000194-000199 |

# Exhibit A

 **LONE STAR COLLEGE**

Credit Unofficial Transcript

Page 1 of 1

**Name: Michael Moates**        **Student ID: 7326786**        **SSN: ***-**-4663**        **DOB: 01/14/******

Print Date: 06/21/2016

### Texas Success Initiative - TSI

| | | | |
|---|---|---|---|
| Math | Completed | Transferred in Ready | 11/05/2015 |
| Writing | Completed | Transferred in Ready | 12/15/2014 |
| Reading | Completed | Transferred in Ready | 12/15/2014 |

### Test Scores

| | | | |
|---|---|---|---|
| AP | Biology | 05/25/2012 | 4 |
| AP | Chemistry | 05/24/2013 | 5 |
| AP | Computer Science A | 05/24/2013 | 4 |
| AP | Mathematics: Calculus AB | 05/23/2014 | 3 |
| AP | Music Theory | 05/24/2013 | 5 |
| AP | US History | 05/23/2014 | 5 |

### Institutions Attended

Univ Phoenix          020988
Homeschool Texas

### Beginning of Credit Record

#### 2015 Fall

| Loc | Course | Description | Att | Earned | Grade | Points |
|---|---|---|---|---|---|---|
| M | DRAM 1310 | Theatre Appreciation<br>50 Creative Arts - C1 | 3.00 | 3.00 | A | 12.00 |
| T | ENGL 1302 | Comp & Rhetoric II<br>10 Communications - C1 | 3.00 | 3.00 | A | 12.00 |
| T | GOVT 2305 | Federal Government<br>70 Political Science - C1 | 3.00 | 3.00 | B | 9.00 |
| K | HIST 1302 | US History Since 1877<br>60 History -C1 | 3.00 | 3.00 | C | 6.00 |
| N | SPCH 1318 | Interpersonal Comm<br>11 Communications - C2 | 3.00 | 3.00 | A | 12.00 |

Test Credits Applied Toward AA-University Park

| Course | | Description | Att | Earned | Grade | Points |
|---|---|---|---|---|---|---|
| BIOL | 1406 | Biology I for Science Majors | 4.000 | 4.000 | TCR | 0.000 |
| BIOL | 1407 | Biology II for Science Majors | 4.000 | 4.000 | TCR | 0.000 |
| CHEM | 1411 | Gen Chemistry I | 4.000 | 4.000 | TCR | 0.000 |
| CHEM | 1412 | Gen Chemistry II | 4.000 | 4.000 | TCR | 0.000 |
| COSC | 1336 | Programming Fund I | 4.000 | 4.000 | TCR | 0.000 |
| COSC | 1337 | Programming Fund II | 4.000 | 4.000 | TCR | 0.000 |
| HIST | 1301 | US History to 1877 | 3.000 | 3.000 | TCR | 0.000 |
| MATH | 2413 | Calculus I | 4.000 | 4.000 | TCR | 0.000 |
| MUSI | 1211 | Theory I | 2.000 | 2.000 | TCR | 0.000 |
| MUSI | 1216 | Sight Singing I | 2.000 | 2.000 | TCR | 0.000 |
| Test Trans GPA: | 0.000 | Transfer Totals: | 35.000 | 35.000 | | 0.000 |

| | Att | Earned | Points | GPA |
|---|---|---|---|---|
| Term Totals | 15.00 | 15.00 | 51.00 | 3.40 |
| Cum Totals | 15.00 | 15.00 | 51.00 | 3.40 |

#### 2016 Spring

| Loc | Course | Description | Att | Earned | Grade | Points |
|---|---|---|---|---|---|---|
| M | ENGL 2333 | World Lit 17th Century-Present<br>40 Lang, Phil & Cult - C1 | 3.00 | 3.00 | C | 6.00 |
| T | GOVT 2306 | Texas Government<br>70 Political Science - C1 | 3.00 | 3.00 | B | 9.00 |
| U | PSYC 2314 | Life-growth/devel<br>70 Political Science - C1 | 3.00 | 3.00 | C | 6.00 |
| T | SOCI 1301 | Prin of Sociology<br>80 Social/Behave Sci - C1 | 3.00 | 3.00 | B | 9.00 |

| | Att | Earned | Points | GPA |
|---|---|---|---|---|
| Term Totals | 12.00 | 12.00 | 30.00 | 2.50 |
| Cum Totals | 27.00 | 27.00 | 81.00 | 3.00 |

Credit Career Totals

| | | | Att | Earned | Points | GPA |
|---|---|---|---|---|---|---|
| Cum GPA: | 3.00 | Cum Totals | 27.00 | 27.00 | 81.00 | 3.00 |

**End of Credit Unofficial Transcript**

SR 11/6/15

**LONE STAR COLLEGE**

## Application for Prior Learning Assessment (PLA)

Assessment Option(s): AP ~~_____~~    LSC Campus ~~_____~~ LSC-NH

**Student Name**

| N | O | R | T | E | S |  |  |  |  |  |  |  |  |  | M | I | C | H | A | E | L |  |  |  |  |  |  |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
(Last)                                                    (First)                                   (MI)

**Student ID#**          **Phone#**

| 7 | 3 | 2 | 4 | 0 | 8 | 6 |    | __ | __ | __ | - | __ | __ | __ | - | __ | __ | __ | __ |   Email _____

**Advisor/Counselor Consent**

☑ Enrolled in current, academic semester at LSC

☑ Received **official** documentation (license, certificate, transcript, exam score report, etc.)

☐ If applicable, student paid required fee and **Business Office signature** is provided along with receipt
- $60 per Portfolio
- $25 per *Non-Regionally Accredited Institution Transcript*
- $25 per Internal Challenge Exam
- $25 for AP Studio Art portfolio review
- $25 for CLEP Psychology essay review

_____  11/6/15
Advisor/Counselor Printed Name        Date

_____  _____
Business Office Signature            Date

**Student Consent**

This application is a request to have my prior learning assessed for college credit. It does not guarantee the award of credit. I understand

- Eligibility requirements specific to a PLA option must be met (www.lonestar.edu/pla)
- With the exception of AVANT placement exam, PLA by Exam credit is only applicable to LSC graduation requirements and will not transfer.
- If applicable, PLA fees must be paid before an exam is administered or a faculty evaluation is initiated.
- Up to 50% of certificate or associate degree coursework may be earned through PLA.

AA6
1158

_____  _____
Student Signature                    Date

AP Studio Art Exam, Intro to Psychology CLEP Exam, Intro to Educational Psychology CLEP Exam and AVANT placement exams require documentation of additional essay assessment or completion of placement course in addition to official test scores.

| **Prior Learning Experience** ACE ID, Licensure/Certificate Name, Exam Name & Score, CE Course Title, High School Course Title | **Approved LSC Course Equivalence** Visit LoneStar.edu/pla for current list |
|---|---|
| AP Calculus AB    3 | Math 2413 |
| AP US History    5 | HIST 1301 |
| Student would like these classes posted before 11/11/15 or he may enroll in | |

| **For VPI Exception Only** Comment: Classes. Needs courses for prerequisite |
|---|
| _____ Vice President of Instruction    11/10/15 LC |



# STUDENT SCORE REPORT

Report Date: 04/15/15

Michael S. Moates
9448 Castlewood Drive
Fort Worth, TX 76131

N326786

*AP Number*   9812847S

*School*   728001 - RESOLUTE ACADEMY

| Year Taken | Name of Exam | Score |
|---|---|---|
| 2014 | Calculus AB – Math 2413 | 3 |
| 2014 | United States Government and Politics | 5 |
| 2014 | United States History – HIST·1301 | 5 |

Awards

2015 The College Board. College Board, Advanced Placement Program, AP, and the acorn logo are registered trademarks of the college board.

LSC - OCR 000003

**Online Admission Application Data**

| Last Name | Moates | | First Name | Michael |
|---|---|---|---|---|



**Application Summary Information**

| | | |
|---|---|---|
| Template ID: | LSCS_CREDIT_APP | |
| Application Unique Identifier: | d009c61e-673e-11e5-9f25-f3448d62b199 | |
| Academic Institution | LSC01 | Lone Star College System |
| Admit Term | 1158 | 2015 Fall |
| Application Center | CR | Credit |
| Academic Career | CR | Credit |
| Online Application Status | Posted | |
| Processing Status | Processed | |
| Last Status Update Date/Time | 09/30/2015  2:08AM | |



**Name**

| First Name | Michael |
|---|---|
| Last Name | Moates |

**Former Name**

| First Name | |
|---|---|
| Last Name | |

**Personal Information**

| Date of Birth | 01/14/1995 |
|---|---|
| Gender | Male |

**Citizenship**

| Country | United States |
|---|---|
| Citizenship Status | US Citizen |



**SSN**

| Social Security # | 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 |
|---|---|

**Visa Information**

| Visa/Permit Type | |
|---|---|
| Expiration Date | |

**Military Status**

| Military Status | |
|---|---|

**F:1 ADDRESS**

| Country | United States | | First Name | |
|---|---|---|---|---|
| Address Line 1 | | | Middle Name | |
| Address Line 2 | | | Last Name | |
| Address Line 3 | | | City | In City Limit |
| Address Line 4 | | | Postal Code | Address Field 1 |
| State | | | Nbr 1 | Address Field 2 |
| | | | Nbr 2 | Address Field 3 |
| | | | House Type | Geo Code |

**Home Address**

| Country | United States | | City | fort worth |
|---|---|---|---|---|
| Address Line 1 | 817 Wesleyan ST | | Postal Code | 76105 | Address Field 1 |
| Address Line 2 | 414 | | Nbr 1 | | Address Field 2 |
| Address Line 3 | | | Nbr 2 | | Address Field 3 |
| Address Line 4 | | | House Type | | Geo Code |
| State | Texas | | In City Limit | |
| County | Tarrant | | | |

**Mailing Address**

| | |
|---|---|
| Country | United States |
| Address Line 1 | |
| Address Line 2 | |
| Address Line 3 | |
| Address Line 4 | |
| State | |

| | |
|---|---|
| City | |
| Postal Code | |
| Nbr 1 | |
| Nbr 2 | |
| House Type | |
| In City Limit | |

| | |
|---|---|
| Address Field 1 | |
| Address Field 2 | |
| Address Field 3 | |
| Geo Code | |

**Contact Information**

| | |
|---|---|
| Phone Type | Mobile |
| Telephone | 817/880-4326 |
| | ☑ Preferred |

| | |
|---|---|
| Email Type | Personal |
| Email Address | michaelsmoates@gmail.com |
| | ☑ Preferred |

**Emergency Contact**

| | |
|---|---|
| Name | |
| Relationship to Employee | |
| Phone | 817/657-7224 |
| Country | United States |
| Address Line 1 | |
| Address Line 2 | |
| Address Line 3 | |
| Address Line 4 | |
| State | |

| | |
|---|---|
| City | |
| Postal Code | |
| Nbr 1 | |
| Nbr 2 | |
| House Type | |
| In City Limit | |
| Email Address | |

| | |
|---|---|
| Address Field 1 | |
| Address Field 2 | |
| Address Field 3 | |
| Geo Code | |

## Academic Information

| | |
|---|---|
| Academic Institution | Lone Star College System |
| Admit Term | (Invalid Value) |
| Academic Career | Credit |
| Campus | UP |
| | Application Center CR |

### Educational Goal

| | |
|---|---|
| Application Student Response | Earn an Associate's Deg-2 Yrs |

**Academic Program**
AA-University Park

**Academic Plan**
Associate of Arts (AA)

## High School Information

| | |
|---|---|
| High School Options | TX Home School |
| High School | 1540320 |
| From Date | 04/01/2014 |
| To Date | 04/30/2014 |
| Date (or anticipated date ) of Graduation | 09/09/2015 |

## College Education Experience

☐ College Outside of US

| | | | |
|---|---|---|---|
| College Name | 1539780 | Univ Phoenix | |
| From Date | 07/01/2014 | To Date | 06/01/2015 |
| Degree | | | |
| Degree Date | | | |

## Employment Information

| | | | |
|---|---|---|---|
| Employer | | | |
| Job Title | | | |
| From Date | | To Date | |
| City | | State | |
| Country | USA | | |

## Housing Preferences

| | |
|---|---|
| Housing Preferences | |

## Attach Application Essay(s)

| | |
|---|---|
| Topic | No Value available |
| Additional Details: | |
| File Name | |

## Attach Recommendation(s)

| | |
|---|---|
| Topic | No Value available |
| Name | |
| Title | |
| Organization | LSC01 |
| File Name | |

**Attach OTHER (Provide Details)**

| | |
|---|---|
| Material Type | No Value available |
| Material Group | No Value available |
| Additional Details: | |
| File Name | |

**Test Information**

Test ID [ ]

Personalize Find

| Test Component | Score | Test Date | Acad Level | Data Source |
|---|---|---|---|---|
| | | 09/30/2015 | 0 | SLF |

**Honors and Awards**

Academic Institution LSC01

Honor/Award [ ] External

**Educational Goals**

External Subject Area [ ]
Priority 1

**Residency**

Residency Status OD
Sequence Number 2275

LSC - OCR 000007

**Extracurricular Activities**

Academic Institution [LSC01] 🔍    Academic Career [CR] 🔍

Extracurricular Activity [No Value available]    [External]

Start Date [_____] 📅    End Date [_____] 📅

Comments [_____]

**Family Information ( Parent / Guardian)**

Name [_____]

Relationship to Employee [_____]

Are you or a member of your family a former student/Alumni? ☐

Last Date of Attendance [_____] 📅

**Ethnicity**

◉ Yes,I am Hispanic or Latino

○ No,I am not Hispanic or Latino

☐ American Indian or Alaska Nat

☐ Asian

☐ Black or African American

☐ Native Hawaiian or Other Pac

☑ White

**Special Program Interest**

Academic Institution [LSC01] 🔍

Student Group [_____] 🔍

**Applicant Profile**

Academic Institution [LSC01] 🔍

Admit Type [TR] 🔍

**Admission Application Fee**

Payment Amount [_____]

Application Fee Status [Pending]    ☐ Waiver

**Institutional Research Questions**

Questions are below :

Applicant's Employment Status:

◉ Employed - Full Time (IR01)

○ Employed - Part Time (IR02)

○ Self - Employed (IR03)

○ Homemaker (IR04)

○ Unemployed - Seeking Work (IR05)

○ Unemployed - Not Seeking Work (IR06)

Mark all that apply to applicant:

☐ Eligible to receive Assistance to Families with Dependent Children (IR07)

☐ Adult seeking job skills who have worked primarily without pay to care for home/family (IR08)

☐ Eligible for food stamps or other public assistance (IR09)

☐ Incarcerated (IR10)

☐ Single parent of a dependent child (IR11)

☐ Have pre-school children living with you (IR12)

LSC - OCR 000008

How many people currently reside in applicant's household including applicant?

- ◉ 1 in household (IR13)
- ○ 2 in household (IR14)
- ○ 3 in household (IR15)
- ○ 4 in household (IR16)
- ○ 5 in household (IR17)
- ○ 6 in household (IR18)
- ○ 7 in household (IR19)
- ○ 8 in household (IR20)
- ○ 9 in household (IR21)
- ○ 10 in household (IR22)

Applicant's current household income?

- ◉ $0 - $13,290 (IR23)
- ○ $13,291 - $17,910 (IR24)
- ○ $17,911 - $22,550 (IR25)
- ○ $22,531 - $27,150 (IR26)
- ○ $27,151 - $31,770 (IR27)
- ○ $31,771 - $36,390 (IR28)
- ○ $36,391 - $41,010 (IR29)
- ○ $41,011 - $45,630 (IR30)
- ○ $45,631 - $49,999 (IR31)
- ○ $50,000 - $74,999 (IR32)
- ○ $75,000 - $99,999 (IR33)
- ○ $100,000 or above (IR34)

Applicant's Father highest education level?

- ◉ Attended college (IR35)
- ○ Attended high school (IR36)
- ○ Graduated from high school (IR37)
- ○ Received bachelor's degree (IR38)
- ○ Do not know (IR39)

Applicant's Mother highest education level?

- ◉ Attended college (IR40)
- ○ Attended high school (IR41)
- ○ Graduated from high school (IR42)
- ○ Received bachelor's degree (IR43)
- ○ Do not know (IR44)

**Bacterial Meningitis**

☑ Bacterial Meningitis Oath

**Reverse Transfer and Auto-Grad**

☑ I would prefer not to be awarded my degree

